(March 16, 1912.)

DUCK LEE et al., Respondents, v. BOISE DEVELOPMENT CO., LTD., et al., Appellants.

[122 Pac. 851.]

PLEADINGS—DAMAGES — GENERAL—SPECIAL—MEASURE OF—NONSUIT—INTEREST IN REAL ESTATE—CHINESE ALIENS—PUBLIC POLICY—TREATY WITH CHINA—INSTRUCTIONS.

(Syllabus by the court.)

1.  Under the allegations of the cross-complaint, only general damages could be recovered by the cross-complainants.

2.  General damages are such as the law implies and presumes to have occurred from the wrong complained of.

3.  Special damages are such as actually result from the commission of a wrong, but are not such a necessary result as will be implied by law.

4.  *Held*, under the pleadings that loss of money paid for labor in grading streets, etc., and for advertising town lots for sale could not be recovered under the allegations of the cross-complaint.

5.  *Held*, that the court did not err in sustaining respondent's motion for a nonsuit on the cross-complaint, as there was no evi-

dence of the rental value of the premises occupied by plaintiffs, from October 15th to November 10th, 1910.

6. Under the treaty of the United States with China, citizens of the Chinese Empire residing either permanently or temporarily in the United States are granted the same rights, privileges, immunities and exemptions as are enjoyed by citizens and subjects of the most favored nation.

7. Any person who is present at the commission of a trespass, encouraging or inciting the same, is liable as a principal.

8. *Held,* that the court did not err in giving certain instructions and in refusing to give certain instructions requested by the defendants.

APPEAL from the District Court of the Third Judicial District for Ada County. Hon. John F. MacLane, Judge.

Action to recover damages for trespass and destruction of property. Judgment for the plaintiffs. *Affirmed.*

Smead, Elliott & Healy, for Appellants.

As to the offer to show loss of money paid to labor hired to make the proposed improvements on the premises, the exact question is treated in *Holden v. Lake Co.,* 53 N. H. 552.

It is the policy of the law to allow damages to be estimated by a jury, even though the exact amount cannot be accurately ascertained. (1 Sutherland on Damages, sec. 70; *Gilbert v. Kennedy,* 22 Mich. 116; *Cosfriff v. Miller,* 10 Wyo. 190, 98 Am. St. 977, 68 Pac. 206.)

"One violating his contract should not be permitted entirely to escape liability because the amount of damages he has caused is uncertain." (*Malone v. Weill,* 67 App. Div. 169, 73 N. Y. Supp. 700; *Trust Co. v. O'Brien,* 143 N. Y. 284, 38 N. E. 266.)

It is provided by statute that Mongolian aliens can hold no interest in real estate. (Rev. Codes, secs. 2609, 2610; *Buckley v. Fox,* 8 Ida. 248, 67 Pac. 659.)

D. D. Williams, and J. J. McCue, for Respondents.

Special damages are such as actually result from the commission of the wrong, but are not such a necessary result that they will be implied by law. (13 Cyc. 13.)

When the law does not necessarily imply that the plaintiff sustained the damages by the act complained of, it is essential to the validity of the declaration that the resulting damages should be shown with particularity, and when the damages sustained have not necessarily accrued from the act complained of, and consequently are not implied by law, then in order to prevent surprise on the defendant which might otherwise ensue at the trial the plaintiff must state the particular damage which he has sustained, or he will not be permitted to give evidence of it.   (*Nunan v. San Francisco,* 38 Cal. 690; *Spencer v. Railroad Co.,* 21 Minn. 362; *Brady v. Cassidy,* 9 Misc. Rep. 107, 29 N. Y. Supp. 45; *Parsons v. Sutton,* 66 N. Y. 92–98; *Cushing v. Seymour,* 30 Minn. 301, 15 N. W. 249; *City of Pueblo v. Griffin,* 10 Colo. 366, 15 Pac. 616; *Tarr v. O. S. L. Ry.,* 14 Ida. 192, 125 Am. St. 151, 93 Pac. 957.)

Under a general allegation of damage the plaintiff may prove and recover only general damages.   (*Root v. Railway Co.,* 20 Mont. 356, 51 Pac. 155; *Harris v. Finberg,* 46 Tex. 80; *Gumb v. Twenty-third St. R. R. Co.,* 114 N. Y. 411, 21 N. E. 993; *Gamble v. Mullen,* 74 Iowa, 99, 36 N. W. 909.)

We believe it has never been seriously contended that aliens, whether Mongolians or others, cannot use and occupy lands and buildings in the United States under leases and the courts have generally upheld them in their rights.   (Devlin on the Treaty Power, sec. 217; *Gandolfo v. Hartman,* 49 Fed. 181, 16 L. R. A. 277; *Fraser v. McConway,* 82 Fed. 257; *Yick Wo v. Hopkins,* 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. ed. 220.)

Any person present at the commission of a trespass, encouraging or inciting the same or who approves the same, is liable as principal.   (2 Cooley on Torts, 213, note, 214.)

SULLIVAN, J.—This action was brought to recover for the wrongful and unlawful entry on certain lands alleged to have been leased by the plaintiffs and the destruction of certain crops growing on said land and for tearing down and destroying the dwelling-house of the plaintiffs situated on said premises, and the destruction and conversion of certain

personal property, which damage is alleged to amount to $1,500, and judgment is prayed for that amount.

The defendants answered the plaintiffs by denying many of the material allegations thereof, and also filed a cross-complaint, wherein it is alleged, among other things, that on the 27th day of July, 1910, A. R. Smith, one of the defendants, purchased the premises referred to of Mary E. Ridenbaugh, and thereafter sold the same to the Boise Development Company, a corporation, defendant; that plaintiffs held said land under a verbal lease with Mrs. Ridenbaugh; that under said lease the plaintiffs were notified to harvest their crops by September 1st, 1910, and deliver possession of said premises to the Boise Development Company; that plaintiffs neglected and refused to do so; that it was the object and purpose of said Development Company to construct streets, alleys, sidewalks, curbings and grade said lands and to lay same off in town lots for the purpose of sale thereof, and building thereon, and that plaintiffs were fully informed of that fact; that the said company commenced work on said premises and on October 12, 1910, served written notice on the plaintiffs to remove from and vacate said premises within three days, which they refused to do, and continued in possession until the 10th of November, 1910, and continued to obstruct the work carried on by said defendants; that all of said acts of the plaintiffs were done with willful intent to delay and damage defendants; that the sheds and buildings on said premises were disreputable in appearance and filthy and unsanitary as to condition, and rendered it impossible for the defendants to display said property to prospective purchasers or to improve said property so as to stimulate the sale thereof; that by reason of such obstructions the said company has been unable to use its employees and those in its service to advantage, and has been greatly damaged in the sum of $5,000, and prays for judgment for that sum.

The plaintiffs answered said cross-complaint, putting in issue all the material allegations thereof. Upon the issues thus made the cause was tried by the court with a jury and a verdict was returned in favor of the plaintiffs in the sum of

$1,100, and judgment was entered for that amount on said verdict. Thereafter the plaintiffs remitted all of said judgment in excess of $750, and consented that the judgment be reduced to $750. Said judgment was entered on March 21, 1911. The appeal is from the judgment, and was taken on November 3, 1911, more than sixty days after the entry of judgment.

Several errors are assigned in appellants' brief.

(1) The first involves the action of the court in rejecting certain evidence offered by defendants. The appellants introduced a civil engineer as a witness on their behalf and were proceeding to examine him in regard to the construction work in the way of streets, alleys, road, grading, etc., which had been done by the defendants on said tract of land, and that evidence was objected to by respondents' counsel on the ground that such evidence was not a matter of defense, and on the further ground that the cross-complaint did not state facts sufficient to state a cause of action against the plaintiffs. On the first ground stated, the court overruled said objection and held that said question was merely preliminary. The second objection was also overruled and the court held that the cross-complaint did state a cause of action, but that the evidence on the cross-complaint would be limited to the value, use and occupation of said premises, or the mesne profits received by the plaintiffs, and to the recovery for such use and occupation between the 15th of October, 1910, and the 10th of November, 1910, and that no evidence would be admitted as to improvements being made by the defendants or as to the value of the premises for the purposes for which the defendants were using them or as to any sales or speculative profits anticipated to be realized by the defendants. The defendants thereupon offered to prove as a part of their direct case, under the cross-complaint, that their loss was due to the plaintiffs' occupancy of the premises with their gardens and crops and their obstruction to defendants' operations, and consisted in loss of money paid for labor used in carrying on such operations and the loss due to the fact that certain of

the real estate could not be properly improved to make it salable while the plaintiffs held possession.

The court evidently took the view that under the allegations of the cross-complaint the appellants could only recover general damages and we think that view is correct. General damages are such as the law implies and presumes to have occurred from the wrong complained of, while special damages are such as actually result from the commission of the wrong but are not such a necessary result that they will be implied by law.  (13 Cyc. 13.)

It is alleged in the cross-complaint that the defendants expended a large sum of money in improving the unoccupied portions of said premises, but it is not alleged that they lost the money so expended or that they were in any way damaged by reason of such expenditure, either by loss of customers or profits or otherwise.  It is also alleged that the defendants expended a large amount of money in advertising the sale of the lots platted on said premises and in transporting to and from said premises prospective purchasers and builders; but it is nowhere alleged that they lost any sales or that they suffered any damages therefrom.  The cross-complaint does not specifically allege any special damages either in loss of trade or in loss of time or in loss of money.  As we understand the cross-complaint, defendants failed to specifically allege any special loss by reason thereof outside of the allegations of general damages.

It is also alleged in the cross-complaint as follows:

"That by reason of the obstruction of the operations of said defendants, by reason of plaintiffs' failure to deliver possession of, and to vacate and remove from said premises, by reason of the occupancy of said sheds and buildings upon said premises, and by reason of plaintiffs' maintenance of said sheds and buildings thereon, the defendants have been greatly damaged in the sum of five thousand dollars."

It is not alleged in that paragraph of the cross-complaint that the defendants lost any time, money or profits, either direct or speculative.  Under a general allegation of damage, the plaintiff may prove and recover only general damages, and

damages not necessarily accruing from the act complained of are special and must be plead with particularity, and must show the facts out of which they arise or they cannot be recovered. This is required in order to prevent surprise on the defendant, or, in this case, on the plaintiff. The court did not err in refusing to permit the appellants to prove special damages under the allegations of the cross-complaint.

(2) The next two errors assigned are in reference to the proper measure of damages under the allegations of the cross-complaint, counsel for appellant taking the position that the proper measure was the loss of money paid for labor upon the premises and by loss due to the fact that said property could not be properly improved to make it salable while the plaintiffs were in possession of a part of it. Since we have above held that only general damages could be recovered under the allegations of the cross-complaint, that disposes of these two assignments of error.

(3) The next error assigned is that the court erred in sustaining plaintiffs' motion for a nonsuit on the cross-complaint. The court by its rulings had limited the measure of damages which appellants might recover under their cross-complaint to the rental value of the premises in question from October 15th to November 10th, and in granting that nonsuit held that no evidence of the rental value had been introduced. But it is contended by counsel for appellants that the plaintiffs themselves had established by their evidence the rental value of said land. The evidence as to the rental value simply gives the rental value of the entire tract. The record shows that the appellants commenced work on said tract of land on July 18, 1910, and took possession of a certain part of it, and there is no evidence tending to show the value of the use and occupation of the part of which the defendants were deprived from October 15th to November 10th. The court therefore did not err in sustaining said motion for a nonsuit.

(4) It is next contended that the plaintiffs being Mongolian aliens could not hold a lease interest in real estate. There is nothing in that contention, as under the treaty of the United States with China, it is expressly provided that citizens of

the Chinese empire residing either permanently or temporarily in the United States shall be granted the same rights, privileges, immunities and exemptions as may be enjoyed by the citizens and subjects of the most favored nation. (Devlin on the Treaty Power, sec. 216; *Gandolfo v. Hartman,* 49 Fed. 181, 16 L. R. A. 277; *Fraser v. McConway,* 82 Fed. 257; *Yick Wo v. Hopkins,* 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. ed. 220.)

(5) It is next contended that the court erred in denying the defendants' motion for a nonsuit as regards the personal liability of the defendant Smith. The defendant Smith was a trespasser with the other defendant, and he admitted that it was under his supervision the house and other buildings were torn down, the plowing done and other improvements made. Any person present at the commission of a trespass, encouraging or inciting the same, is liable as a principal. (2 Cooley on Torts, 213, and note to 214.)

(6) It is next contended that the court erred in giving certain instructions. Under the pleadings and evidence in the case it was not error for the court to give the instructions referred to. It is also contended that the court erred in refusing to give instruction No. 1 requested by the appellants. We think that requested instruction was fully covered by instructions 12 and 13 given by the court.

Finding no error in the record, the judgment must be affirmed, and it is so ordered, with costs in favor of the respondent.

Stewart, C. J., and Ailshie, J., concur.