(March 26, 1912.)

## DORA SOMMERVILLE, Appellant, v. IDAHO IRRIGATION CO., LTD., a Corporation, Respondent.

[123 Pac. 302.]

CAREY ACT—CONSTRUCTION OF IRRIGATION SYSTEM—CONSTRUCTION COMPANY—FAILURE TO FURNISH WATER — LIABILITY OF CONSTRUCTION COMPANY—MEASURE OF DAMAGES.

(Syllabus by the court.)

1. *Held*, under the allegations of the complaint that the only damage recoverable in this action is the first payment on the water right with interest thereon at the rate of seven per cent from the date of such payment.

2. Where an irrigation company enters into a contract with the state to construct an irrigation system under the Carey Act of Congress and the laws of the state, and procures the state to place certain land included within said irrigation system on the market, and a person makes a contract with the state for forty acres of such land and also makes a contract with the irrigation company for water for said land and makes a payment thereon, and thereafter the irrigation company changes its canals so that it is unable to furnish water for said tract of land, the correct measure of damages includes such damages as the purchaser has sustained by reason of expenses incurred, labor performed or any outlay of time which he has made under the contracts after the execution thereof, and which he has suffered by reason of the failure of the company to comply with the terms of the contract, and in addition thereto all payments on the land and water right with interest thereon.

3. *Held*, that all such damages are special damages and must be plead before a recovery can be had.

APPEAL from the District Court of the Fourth Judicial District for Lincoln County. Hon. Edward A. Walters, Judge.

Action to recover damages for failure to comply with a contract for the delivery of water for certain lands. Judgment for plaintiff. *Affirmed.*

R. V. Wilcox, and A. M. Bowen, for Appellant.

The company knew that the land was arid and desert, that it was in its natural state valueless, that water would reclaim it and give it a value. They knew and contemplated that if they complied with their contract, her land and rights would increase in market value.

It is not true that a person cannot recover for profits. We do not believe that the damages sought in this case are "profits," as that word is ordinarily used in the decisions and by text-writers, but, assuming that the damages asked for by us were profits, still they would be recoverable in law. (13 Cyc. 53; *Wolcott v. Mount,* 36 N. J. L. 262, 13 Am. Rep. 438; *Watson v. Brick Co.,* 3 Wash. 283, 28 Pac. 527; *Bryson v. McCone,* 121 Cal. 153, 53 Pac. 637; *Shoemaker v. Acker,* 116 Cal. 239, 48 Pac. 62; *Ark. Valley Town & Land Co. v. Lincoln,* 56 Kan. 145, 42 Pac. 706; *Wakeman v. Wheeler & W. Co.,* 101 N. Y. 205, 54 Am. Rep. 676, 4 N. E. 264.)

Where profits have been rejected as an element of damages, it is because they are uncertain and speculative. (Sutherland, Damages, 2d ed., sec. 868; *Masterson v. Mayor,* 7 Hill, 61, 42 Am. Dec. 38.)

In the case at bar, governed by the principle announced in *Gagnon v. Molden,* 15 Ida. 727, 99 Pac. 965, the measure of plaintiff's damage would be what it would cost her to make the water available upon her land, and she offered proof of this which the court refused.

Under the modern and best considered cases, the measure of the land owner's damage in such case would be the difference between the value of the land if the contract had been carried out and its value with the contract unfulfilled. (*Belt v. Washington W. P. Co.,* 24 Wash. 387, 64 Pac. 525; *Blagen v. Thompson,* 23 Or. 239, 31 Pac. 647, 18 L. R. A. 315.)

It must be admitted that the measure of damage adopted by the court in no wise afforded plaintiff compensation. There would be two ways of awarding her compensation: First, to give her what it would have cost her to comply with respondent's contract; and, second, to award her the market

value of the thing contracted for. The first was not practicable and excessive, and consequently we were obliged to rely on the other, but the court refused both, which was error.

The damage claimed under either theory was general damage and recoverable under a general plea. (13 Cyc. 175, 176; *Bussard & Robson v. Hibler,* 42 Or. 500, 71 Pac. 642; *Salt River Canal Co. v. Hickey,* 4 Ariz. 240, 36 Pac. 171; *Treadwell v. Whittier,* 80 Cal. 575, 13 Am. St. 175, 22 Pac. 266, 5 L. R. A. 498.)

N. M. Ruick, for Respondent.

"Special damages, which are the natural but not necessary result of the injury complained of, must be specifically alleged." (5 Ency. of Pl. & Pr. 719, 741; 13 Cyc. 176, 179, 184; Sutherland, Damages, sec. 419; Sedgwick, Measure of Damages, pp. 678, 680; *Harron v. Wilson etc. Co.,* 4 Cal. App. 488, 88 Pac. 512; *Mitchell v. Clark,* 71 Cal. 163, 60 Am. Rep. 529, 11 Pac. 882.)

"Loss of profits constitutes special damages which cannot be recovered unless alleged in the petition." (*Bradley v. Borin,* 53 Kan. 628, 36 Pac. 977; Sutherland, Damages, secs. 420, 421.)

Aside from the question of plaintiff's failure to plead loss of profits, the profits sought in this case are not recoverable because they are speculative, remote and uncertain and not the natural and proximate consequence of the breach of contract. (5 Ency. of Pl. & Pr. 744; *Hunt v. Water Co.,* 150 Cal. 51, 87 Pac. 1093, 7 L. R. A., N. S., 913; Sutherland, Damages, sec. 59; *Choctaw etc. v. Jacobs,* 15 Okl. 493, 82 Pac. 502; *Dodds v. Hakes,* 114 N. Y. 260, 21 N. E. 398; *Jones v. Nathrop, Admx., etc.,* 7 Colo. 1, 1 Pac. 435; *Kay v. Williams,* 8 Ky. Law Rep. 434.)

A contemplated sale of the land which plaintiff may have hoped to effect was a collateral undertaking, having no reference to the subject matter of the contract. It was a matter not contemplated when the parties entered into the agreement, for a breach of which suit is brought, nor was it contemplated by the law under which the agreement was made.

(*Paola Gas Co. v. Paola Glass Co.*, 56 Kan. 614, 54 Am. St. 598, 44 Pac. 621; *Central Coal & Coke Co. v. Hartman*, 111 Fed. 96, 49 C. C. A. 244.)

S. H. Hays, *Amicus Curiae.*

Where a vendor without any want of good faith on his part is unable to give a vendee good title to the premises, and for that reason there is a breach of the contract, the vendee is not entitled to have damages for the loss of his bargain but is entitled to have his money back with interest. (Maupin, Marketable Title, secs. 91, 164; Sutherland, Damages, sec. 593.)

SULLIVAN, J.—This is an action to recover damages for an alleged breach of contract on the part of defendant, a Carey Act irrigation construction company, in failing to make available and to deliver water for the irrigation of land entered by the plaintiff under the provisions of the Carey Act and state laws in regard thereto.

The defendant corporation, which is respondent here, admitted upon the trial that it was impracticable to irrigate plaintiff's land from its irrigation system, and the trial resulted in an instructed verdict for the appellant in the sum of $144.15, which amount was the first payment made on her water right to the irrigation company, with interest thereon. The plaintiff, not being satisfied with the amount recovered, applied for a new trial, which was denied, and this appeal is from the judgment and the order denying a new trial.

It is conceded that the only question involved is as to the measure of damages, the respondent contending that the true measure of damages is the amount of the payment made on her water right with interest from the date of the payment, and the appellant contending that the true measure of damages is the value of the land with the water right less the amount to be paid the irrigation company for the water right, which was $35 per acre. The irrigation company also contends that only general damages are alleged in the complaint, and that the advance in the price of the land by reason of

having a water right in connection therewith is special damages, and cannot be recovered, as no special damages are alleged in the complaint.

The contractual relation between the parties to this action is evidenced by two contracts, both of which have heretofore been construed by this court in the case of *Hanes v. Idaho Irrigation Co., ante,* p. 512, 122 Pac. 859, to which decision reference is hereby made, where many of the provisions of said contract are quoted, commented upon and construed, and in which it was held that the respondent, the construction company, was liable for damages if it failed to deliver water under the facts of that case.

We will first determine whether the value of the land less the cost of the water right may be recovered under the allegations of the complaint.

It is alleged that on the 21st of August, 1907, the defendant corporation entered into a contract with the state of Idaho for the construction of certain irrigation works in Lincoln county, for the irrigation and reclamation of a large tract of desert land of the public domain, including the land of the plaintiff, under the provisions of the act of Congress commonly known as the Carey Act, and the acts and the laws of the state of Idaho accepting and giving force to said Carey Act in this state; that on November 14, 1907, the plaintiff made application and entered under the provisions of said Carey Act and the laws of the state of Idaho relating thereto, into a contract with the state board of land commissioners of this state for the purchase of the southeast quarter of the northwest quarter of section 2, township 6 south, range 14 east, Boise Meridian, in Lincoln county; that she has been at all times since in the possession of and entitled to the possession thereof; that on or about November 15, 1907, plaintiff entered into a written contract with defendant, made in conformity with and subject to the said contract between the state and the irrigation company, and made said state contract a part thereof, and alleges that the defendant corporation agreed to construct said irrigation works and to transfer to the defendant forty shares of the stock in a corporation

known as the Big Wood River Reservoir & Canal Company, which last-named corporation was to become the owner of said irrigation works under said state contract; that under said contract the irrigation company agreed to construct same so as to be able to deliver to the plaintiff within one-half mile of her said land one-half cubic foot of water per second of time from said works, and agreed to deliver to plaintiff said amount of water each irrigation season after water was ready for delivery from said works; that, as a consideration for said contract plaintiff then and there paid to defendant the sum of $120 and agreed to pay therefor the sum of $1,280; that the plaintiff had performed all the obligations and conditions by her to be performed of said contract and is ready, able and willing to perform each and every condition and obligation by her to be thereafter performed under said contract; that the defendant failed, neglected and refused to perform said contract on its part, and failed, neglected and refused to construct said irrigation works so as to make the said land susceptible to irrigation from the same; but instead thereof, after the making of said contract with plaintiff and without the knowledge and consent of plaintiff, changed the line of its certain ditches, thus making all of said irrigation works below said land, rendering it impossible to secure water therefrom for the irrigation of said land; that said tract of land is arid and desert in character and no crops can be raised thereon without artificial irrigation; that there is no other water available for the irrigation of the same; that said land is and will be wholly valueless without the water and water right contracted for; that by reason of such failure of defendant, plaintiff's land and water right have greatly depreciated in value and she is and will be unable to make proof and receive patent to said land, all of which is to her damage and injury in the sum of $2,500, and prays for judgment for that amount.

The defendant corporation in its answer admits some of the formal allegations of the complaint; admits that it entered into a contract with the state of Idaho for the construction of said irrigation works, calculated and intended to supply

water for the reclamation of certain lands; in fact, it admits nearly all of the. allegations of the complaint, but denies that under said contract it agreed to construct said irrigation works so as to make the tract of land belonging to the plaintiff susceptible of irrigation from said works, and denies that it agreed to construct the same so as to be able to deliver to the plaintiff any water from said irrigation works; admits that the defendant paid $120 as first payment on her water contract, and denies that the plaintiff has been damaged by any acts or omissions of the defendant in any sum whatever, and prays that plaintiff take nothing by her suit.

The complaint was evidently drawn upon the theory that the plaintiff was entitled to recover the full value of the land with the water right as per the terms of said contract, less the cost of the water right, as she alleges in effect that she would not be able to reclaim the land and make final proof therefor and receive a patent without the water. The theory is that she lost the land because the irrigation company failed to keep its contract and deliver her the water, and thus lost the value of her bargain, which was $30 per acre for said land. On the trial the appellant offered and introduced evidence to the effect that said forty acre tract of land with said water right available for its irrigation would be worth from $60 to $65 per acre; and subtracting therefrom the cost of such water right, which was $35 per acre, would leave the land worth from $25 to $30 per acre over and above the contract price for the water right, and that without the water right the land was practically worthless; that there was no other source from which water could be procured for the irrigation of said.land at a cost that would not be prohibitive.

At the close of plaintiff's testimony, on the motion of the respondent the court struck out all of the evidence as to the value of said land with the water right and without it, and instructed the jury that the only damages to which the plaintiff was entitled under the allegations of the complaint was the $120 on the water right, plus the interest thereon from the date of said payment; thus holding that the value of the water right and land taken together less the cost of the water

right was not the correct measure of damages in the case; that the water right had not yet been made appurtenant to the land and that the true value of the land in connection with the water right was too remote and speculative to serve as a basis for the measure of damages in the case. We think the court did not err in that regard. In the notice of the irrigation company to the appellant given on April 23, 1909, that the company had made changes in its canals in the vicinity of appellant's land and that they would not be able to furnish her water, as the land of appellant was above the canal, it is stated as follows: "We have, however, some very good forties left on the South Gooding tract as well as on the Richfield tract. Water will be available on both of these tracts about May 1st, this year. We hope you will let us select for you another forty acres as good or better than the one you hold and we will give this matter our most careful attention."

It appears that for some reason the company had ascertained that it would not be able to furnish water to the land on account of some changes in the canal, and they there offered to select for the appellant another forty acre tract, but no doubt for some reasons satisfactory to herself she declined the proposition. Had she selected another forty acre tract in lieu of that one, the price to the state would have been fifty cents an acre for the land. She would thus have been able to secure a forty acre tract of land with a water right for fifty cents per acre for the land and $35 per acre for the water right, but it was her privilege to refuse to accept another forty acre tract. There were no doubt special reasons why she preferred the forty acre tract referred to in the complaint, and it is contended by counsel for appellant in their brief that appellant no doubt was fortunate enough to secure a good number at the land drawing and thereby obtained a decided advantage in the selection of said land, and counsel state: "Lands will differ in character of soil, drainage and the like, and the proximity to a town is an important item in determining its desirability. Miss Sommerville was fortunate enough to secure a piece of high land within three miles of the town of Gooding." Counsel also state that the "com-

pany knew that the land was arid and desert, knew that it was in its natural state valueless, knew that water would reclaim it and give it a value. They knew and contemplated that her contract water right on the land would have a value, and knew that if they complied with their contract her land and rights would increase in market value.''

It is there admitted that there were special circumstances in this case that made appellant's land more desirable than the other land, and also that the market value of said land was dependent upon special circumstances, such as character of soil, drainage and the like and proximity to a town. The loss of the prospect of a bonus or the value of the bargain which plaintiff endeavored to prove was contingent upon special circumstances which a reference to the contract does not disclose. Those special circumstances were not plead, and therefore the irrigation company had no notice that the appellant would rely upon that for aggravated damages. If the soil, drainage and location of said land with reference to a town served to make it more valuable than other tracts, those things should have been specially plead so as to give the respondent notice thereof and that it might be prepared to present evidence upon those features.

We think under all the facts of this case and the allegations of the complaint the only damages recoverable is the first payment on the water right with interest thereon at the rate of seven per cent from the date of the payment. Had the appellant pleaded special damages that she had sustained by reason of expenses incurred, labor performed or an outlay of time which she had sustained under the contract after the execution thereof, and which she has suffered by reason of the failure of the company to comply with the terms of the contract, she would have been entitled to recover the same in addition to all the payments made on the land and water right under such contracts, with interest thereon. The object and purpose of requiring special damages to be plead with particularity is to prevent surprise to the opposite party. (13 Cyc. 179.) Where one relies on money paid out or work or labor done and for time expended, the pleader must allege

them in order to apprise the opposing party of the probable evidence which will be produced to establish them and thus give opportunity to meet such evidence. But as such damages were not plead, we think the court did not err in holding that the only damages she could recover under her pleadings was the amount paid on the water right with legal interest thereon from the date of payment. In that view of the case, the judgment must be affirmed, and it is so ordered. Costs in favor of respondent.

Stewart, C. J., and Ailshie, J., concur.