(June 21, 1918.)

ABRAHAM DENNEY, Respondent, v. JUAN ARRITOLA
et al., Appellants.

[174 Pac. 135.]

ANIMALS—TWO-MILE LIMIT LAW—POSSESSORY CLAIM—EVIDENCE.

1. It is incumbent upon one who claims damages for a violation of Rev. Codes, sec. 1217, commonly known as the "two-mile limit law," to bring himself within the terms of the.statute.

2. Where the alleged trespass consists in herding or grazing sheep within two miles of the dwelling-house of the owner or owners of a possessory claim, mere naked possession of a dwelling-house by plaintiff will not support the action, but it must be shown that such dwelling-house is that of the owner or owners of the possessory claim.

3. The term "owner of such possessory claim," as used in the two-mile limit law, means one who is in possession of land by reason of some title thereto, or who by reason of his settlement obtained some right, or one who can maintain his claim by reason of having complied with the provisions of secs. 4552–4556, Rev. Codes.

APPEAL from the District Court of the Third Judicial District, for Owyhee County. Hon. Charles P. McCarthy, Judge.

Action to recover damages under "two-mile limit law." Judgment for plaintiff. *Reversed.*

N. Eugene Brasie, for Appellants.

The supposed dwelling of the respondent is situated upon land which had been segregated from the public domain by proclamation of the President prior to the placing of said dwelling thereon. Of this the court would take judicial notice under sec. 5950, Rev. Codes. The said lands are subject to distribution under the act of July 5, 1884 (23 Stat. 103; 6 Fed. Stats. Ann. 423), and no entry of the same can be made. Of this fact respondent was aware, as shown by his own testimony, nor can any preference right of entry or purchase be acquired in said lands. (*Walsh v. Ford,* 1 Alaska,

146; *United States v. Fitzgerald,* 15 Pet. (U. S.) 407, 10 L. ed. 785, 790.)

Elliott & Healy and C. E. Melvin, for Respondent.

Actual possession is sufficient as against one who does not connect himself with the title or who cannot show a better right. (*Northern Pac. R. Co. v. Lewis,* 51 Fed. 658, 2 C. C. A. 446; *Gulf, C. & S. F. Ry. Co. v. Johnson,* 54 Fed. 474, 4 C. C. A. 447; *City of Oklahoma City v. Hill,* 6 Okl. 114, 50 Pac. 242, 243.)

Possession of lands of the United States is conclusive evidence of title against all the world except the paramount owner, or as against someone connecting himself with the paramount title. (*Gragg v. Cooper,* 150 Cal. 584, 89 Pac. 346; *Rourke v. McNally,* 98 Cal. 291, 33 Pac. 62; *Gonder v. Miller,* 21 Nev. 180, 27 Pac. 333; *Brown v. Killabrew,* 21 Nev. 437, 33 Pac. 865; *Tidwell v. Chiricahua Cattle Co.,* 5 Ariz. 352, 53 Pac. 192; *Neal v. Kayser,* 12 Ariz. 118, 100 Pac. 439; *Feirbaugh v. Masterson,* 1 Ida. 135; *People v. Maxon,* 1 Ida. 330.)

This court in the case of *Sweet v. Ballentyne,* 8 Ida. 431, 69 Pac. 995, in sustaining the validity of the two-mile limit law, has held that the grazing of sheep within two miles of the dwelling of a settler constitutes a nuisance. The rule is well settled that one in possession of real estate may maintain an action on the case for damages for injury to his enjoyment, resulting from the creation of a nuisance on adjoining property, without proving title. (*Brink v. Moeschl Edwards etc. Co.,* 142 Ky. 88, 133 S. W. 1147, 34 L. R. A., N. S., 560.)

In actions under the provisions of sec. 1217, Rev. Codes, and following, it is immaterial whether the plaintiff possesses his land absolutely and has title thereto, or whether he holds by mere naked possession. (*Sifers v. Johnson,* 7 Ida. 798, 97 Am. St. 271, 65 Pac. 709, 54 L. R. A. 785; *Risse v. Collins,* 12 Ida. 689, 87 Pac. 1006; *Branca v. Ferrin,* 10 Ida. 239, 77 Pac. 636.)

Possessory rights in lands belonging to the United States may be acquired in this state either by a compliance with sec. 4552, and following, or by actual occupation and settlement. (*Maydole v. Watson*, 7 Ida. 66, 60 Pac. 86; *Cheney v. Minidoka County*, 26 Ida. 471, 144 Pac. 343.)

RICE, J.—This action was brought by Abraham Denney to recover damages under the "two-mile limit law." About seventeen years prior to the trial of the cause, Denney took possession of a certain tract of land located in Owyhee county, which land was at that time a portion of a military reservation. He inclosed the land with a fence. About five years thereafter, or about twelve years before the trial, he built a house and several corrals within the inclosure and used the same as a base from which he ranged his horses and cattle. The military reservation was subsequently abandoned. In the year 1909, the general land office notified the local land office at Boise that the abandoned military reservation was subject to disposition under the act of July 5, 1884, 23 Stats. at L. 103. It does not appear that Denney ever filed his notice and affidavit for possessory claim under Rev. Codes, secs. 4552–4556.

The statute under which this cause is prosecuted is Rev. Codes, sec. 1217, which reads as follows: "It is not lawful for any person owning or having charge of sheep to herd the same, or permit them to be herded, on the land or possessory claims of other persons, or to herd the same or permit them to graze within two miles of the dwelling-house of the owner or owners of such possessory claim."

This being a constructive trespass provided for by statute, it is incumbent upon the plaintiff to bring himself within the terms of the statute. It is not contended that the sheep were herded or grazed on lands occupied by respondent. The action is founded upon the allegation that the sheep were herded and permitted to graze within two miles of the dwelling-house of respondent as the owner of a possessory claim.

The question as to whether the house upon the claim was the dwelling-house of respondent was submitted to the jury

under proper instructions. The jury found in favor of respondent. The evidence, though not conclusive, was sufficient to sustain the verdict in this respect.

It is necessary to determine, therefore, whether the inclosure of respondent was a possessory claim within the meaning of the statute. We find no statutory definition of the term "possessory claim."

In none of the numerous two-mile limit cases decided by this court do we find the question presented in this case discussed or decided. It is true that in the case of *Sifers v. Johnson,* 7 Ida. 798, 97 Am. St. 271, 65 Pac. 709, 54 L. R. A. 785, the respondent, who was plaintiff in the court below, owned his farm in fee simple. The argument was made that the statute did not apply, for the reason that respondent owned the land upon which his dwelling-house was situated, and the same was not a possessory claim. In considering that argument the court said that "the legislature evidently intended to protect settlers from the injury and annoyance of having sheep herded and grazed around their habitations, whether they possessed the same absolutely and had title thereto, or held only by mere naked possession." (See, also, *Sweet v. Ballentyne,* 8 Ida. 431, 69 Pac. 995.) In the case last cited it is said: "The statutes in question make it a trespass for the owner, or person having the charge of sheep, to graze or herd them within two miles of the dwelling of another." In view of the issues involved in the above cases, we do not think the court intended to decide the question presented by this record. The language of the statute makes it unlawful to herd sheep or permit them to graze within two miles of a dwelling-house of the owner or owners of such possessory claim. Had the legislature intended that the statute should apply merely to the dwelling-house of other persons, doubtless it would have said so in so many words.

By the terms of the statute it is apparent that something more was meant than mere naked possession of a dwelling-house. We do not think the term "possessory claim" means simply the claim of possession, or, in other words, that one is the owner of a possessory claim because he claims to be

in possession of a dwelling-house or a tract of land merely occupied by him. The more natural interpretation is that a possessory claim is a claim founded upon or growing out of possession. It was said in the case of *Sweet v. Ballentyne, supra,* that the statute was enacted in furtherance of the policy of our laws, both state and federal, to encourage the settlement of public lands and the building of homes thereon. The expression "owner of possessory claim," therefore, would appear to include one who is in possession of land by reason of some title thereto, or who by reason of his settlement obtains some right, or one who can maintain his claim by reason of having complied with secs. 4552 to 4556 of the Rev. Codes.

Under the facts of this case, the respondent having entered upon the land after it had already been withdrawn as a military reservation, obtained no preference right to enter or to purchase by reason of his settlement of the land. (23 Stats. at L., c. 214, p. 103; *Walsh v. Ford,* 1 Alaska, 146.) The extent of his right was that of possession merely, and, as we have pointed out, it is not claimed that his possession was disturbed. Mere naked possession of land cannot be called a possessory claim under this statute.

We hold, therefore, that the respondent in this case has failed to show that he is the owner of a possessory claim within the meaning of Rev. Codes, sec. 1217.

The judgment is reversed. Costs awarded to appellants.

Budge, C. J., and Morgan, J., concur.