(September 24, 1919.)

EDGAR KIRK, Respondent, v. YSIDRO MADAREITA and ANTONIO OCAMICA, Appellants.

[184 Pac. 225.]

TWO-MILE LIMIT LAW—DAMAGE—PROOF—SPECIAL DAMAGE.

1. Under the two-mile limit law the plaintiff is entitled to recover the actual damage sustained by reason of the loss or injury to the range caused by trespassing sheep. The witnesses should be required to give to the jury such facts, information and incidents of the damage as will enable the jury to make its own calculation and form its own conclusion as to the aggregate damage sustained.

2. Special damages must be pleaded before evidence thereof can be received or a recovery had.

[As to common-law rule as to trespassing animals, see note in 81 Am. St. 446.]

APPEAL from the District Court of the Third Judicial District, for Ada County.   Hon. Carl A. Davis, Judge.

Action to recover damages for the violation of C. L., sec. 1217.   Judgment for plaintiff.   *Reversed.*

Frawley & Koelsch, for Appellants.

The settler is entitled only to actual damages suffered by him by reason of the herding or grazing of sheep within the two-mile limit.   (*Spencer v. Morgan,* 10 Ida. 542, 79 Pac. 459; *Roseborough v. Whittington,* 15 Ida. 100, 96 Pac. 437; *Risse v. Collins,* 12 Ida. 689, 87 Pac. 1006; *Chandler v. Little,* 30 Ida. 119, 163 Pac. 299; *Denney v. Arritola,* 31 Ida. 428, 174 Pac. 135; *Smith v. Benson, ante,* p. 99, 178 Pac. 480.)

''Courts should compel witnesses to particularize and specify the items of damages and not permit lump sum estimates. The jury must determine the amount of damages and the statement by a witness of his conclusion as to a lump sum furnishes no basis for calculation by the jury.'' (*McGuire v. Post Falls Lumber & Mfg. Co.*, 23 Ida. 608, 131 Pac. 654; *McKissick v. Oregon Short Line Ry. Co.*, 13 Ida. 195, 89 Pac. 629, 630; *Pacific Livestock Co. v. Murray*, 45 Or. 103, 76 Pac. 1079; *Hatch Bros. Co. v. Black*, 25 Wyo. 109, 165 Pac. 518.)

''When special damages are not claimed [in the pleading], a party can only recover such damages as are not only the natural and proximate result, but also the necessary result of the act complained of.'' (8 Ency. L., 2d ed., 544; *Henderson v. Coleman*, 19 Wyo. 183, 115 Pac. 439, 1136.)

Damages for loss of time, if recoverable at all, must be recovered as special damages. (*Dabovich v. Emeric*, 12 Cal. 171; *Lee v. Boise Development Co.*, 21 Ida. 461, 122 Pac 851; *Sommerville v. Idaho Irr. Co.*, 21 Ida. 546, 554, 123 Pac. 302.)

Oppenheim & Lampert and Shad L. Hodgin, for Respondent.

''In estimating the damages caused to a settler by herding and grazing sheep within two miles of his dwelling, and on the public lands, the number of livestock which he has depending on pasturage upon said lands must be taken into consideration.'' (*Risse v. Collins*, 12 Ida. 689, 87 Pac. 1006.)

The measure of damage is the loss respondent actually sustained as a direct result of appellant's sheep grazing off and destroying, within two miles of his dwelling-house, grass growing upon the public range which, in reasonable probability, his stock would have fed upon had it not been so grazed off and destroyed. (*Chandler v. Little*, 30 Ida. 119, 122, 163 Pac. 299.) The value of the destroyed grass and loss of time to plaintiff by the extra herding of stock around or away from his place occasioned by the proximity of the sheep and the destruction of the surrounding range are both elements of general dam-

age under the statute.    (*Sweet v. Ballentyne,* 8 Ida. 431, 69 Pac. 995; *Chandler v. Little, supra.*)

REDDOCH, District Judge.—This action was commenced by respondent to recover damages under the two-mile limit law (C. L., secs. 1217–1219). The case was tried to a jury resulting in a verdict for respondent, upon which judgment was entered for $100. Appellants moved for a new trial, which was denied, and this appeal is from the order denying the motion for a new trial, and also from the judgment.

The specifications of error are as follows: First, insufficiency of the evidence to justify the verdict; second, said verdict is against law, and, third, errors in law occurring at the trial. The first and second specifications may be considered together. The complaint alleges that respondent was the owner of certain lands, and was residing in a dwelling-house owned by him situate thereon; that he was the owner of thirty head of cattle and several head of horses; that it was necessary for him to have the grass near and within two miles of his dwelling; that appellants were the owners, in possession of, and chargeable with certain sheep; that between March 20, 1915, and April 25, 1915, said sheep were allowed to graze within two miles of said dwelling-house; that the grass and pasture in the vicinity of plaintiff's premises and within two miles thereof was totally destroyed, and that during said time said sheep were a constant bother, damage and annoyance to respondent, to his damage in the sum of $275.

The testimony shows that respondent was, at the times alleged, residing on the lands owned by him; adjoining it there was unappropriated public domain; that he also at the same time was the owner of about thirty head of cattle, and about eight head of horses; that appellants' sheep, about five thousand in number, were herded or permitted to graze on the public unappropriated lands within two miles of his dwelling. With this as a foundation, respondent and certain of his witnesses, over appellants' objections, were permitted to state the amount of damage which respondent sustained, as follows: Respondent stated his damage was $375, but that he only

claimed damage in the sum of $275. Mrs. Kirk estimated the damage at $275, and Ben Rice estimated the damage at $250. Upon cross-examination, respondent gave the basis of his estimate as follows: "The only way I could place my damage was at the time I put running after my stock, the damage to my stock, and the damage to the range." The witness Ben Rice gave the basis of his estimate as follows: "Upon the grass that was damaged that was inside two miles of his place." Mrs. Kirk furnished no basis for her estimate.

This, in substance, was the evidence upon which the jury returned its verdict. We fail to see how it could intelligently arrive at any stated amount. The evidence did not disclose the extent or area over which the grass was eaten or destroyed, or that respondent required the grass so eaten or destroyed for his stock, or that his stock would probably have secured the grass, or that there was not sufficient grass or pasturage left for his stock after the sheep had been there, or that the grass was not, in fact, eaten by other stock which had an equal right with respondent's to be there; no evidence as to the nature or character of the damage to respondent's stock, or the value of the range per month or otherwise for each head of such stock. It is contended that respondent could only recover general damages under his complaint, and that there was no competent evidence of such damage. The plaintiff is entitled to recover the actual damage sustained by reason of the loss or injury to the range caused by trespassing sheep. (*Roseborough v. Whittington,* 15 Ida. 100, 96 Pac. 437; *Chandler v. Little,* 30 Ida. 119, 163 Pac. 299; *Smith v. Benson, ante,* p. 99, 178 Pac. 480; *Fleming v. Benson, ante,* p. 103, 178 Pac. 482.)

Under the facts disclosed by the record, it was error for the court to permit the witnesses to give lump sum estimates of the damage. (*McGuire v. Post Falls Lbr. & Mfg. Co.,* 23 Ida. 608, 131 Pac. 654; *Pacific Livestock Co. v. Murray,* 45 Or. 103, 76 Pac. 1079; *Hatch Bros. Co. v. Black,* 25 Wyo. 109, 165 Pac. 518; 4 Ency. Ev. 12.)

Evidence was admitted over appellants' objection to the effect that respondent and his wife spent considerable time in

driving or herding their stock on the range by reason of the trespass. It is contended that this is special damage, and as the same was not alleged in the complaint the evidence should not have been received. Special damages are defined in 17 C. J., 715, as follows: "Special, as contradistinguished from general, damages are those which are the natural, but not the necessary, consequence of the act complained of." It does not necessarily follow that the respondent would have to herd or look after his stock, as the natural consequence of the trespass. It was error to permit this evidence, as there was no allegation in the complaint upon which to base it. Special damages should be pleaded. (*Lee v. Boise Development Co.*, 21 Ida. 461, 122 Pac. 851; *Sommerville v. Idaho Irr. Co.*, 21 Ida. 546, 123 Pac. 302; *Henderson v. Coleman*, 19 Wyo. 183, 115 Pac 439, 1136, 17 C. J. 1002.)

Under the statutes in question, the party committing the trespass is liable for all damages sustained, but the complaint should be sufficiently specific to apprise the defendant of the nature and elements of the damage claimed.

The judgment and order denying appellants' motion for a new trial are reversed. Costs awarded to appellants.

Morgan, C. J., and Rice, J., concur.