R. J. GIFFORD, Respondent, v. MIGUEL GOITIA, TOM GOITIA and GOITIA BROTHERS, a Copartnership, Appellants.

[245 Pac. 933.]

APPEAL AND ERROR—ANIMALS—TRESPASS OF SHEEP—DAMAGES—SPECIAL DAMAGES IRRECOVERABLE WHERE NOT PLEADED.

1. Judgment will be affirmed where there is evidence which, if uncontradicted, would support judgment, although there is conflict in evidence.

2. In action for damages for trespass of sheep in violation of C. S., secs. 1908 and 1909, evidence showing necessity of plaintiff's feeding hay of value of approximately $160 is insufficient to support verdict for $300.

3. No recovery can be had for special damages where they were not pleaded.

Publisher's Note.
1. See 2 R. C. L. 193.
3. See 8 R. C. L. 612.

See Animals, 3 C. J., sec. 476, p. 149, n. 69.
Appeal and Error, 4 C. J., sec. 2836, p. 859, n. 8.
Damages, 17 C. J., sec. 306, p. 1002, n. 78.

APPEAL from the District Court of the Third Judicial District, for Owyhee County. Hon. Raymond L. Givens, Judge.

Action for damages for trespass of sheep. Judgment for plaintiff. Defendant Miguel Goitia appeals. *Modified,* with instructions.

Wm. Healy, for Appellants.

This being a constructive trespass provided for by statute, it is incumbent upon plaintiff to bring himself within the terms of the statute. (*Denny v. Arritola,* 31 Ida. 428, 174 Pac. 135.)

The plaintiff is entitled to recover only the actual damages sustained by the grazing of the sheep, and where the proof of such damages is confined entirely to a showing of the necessity for supplying other feed, the damages recoverable are limited to the cost of the substitute. (*Deary v. Anschustigui,* 37 Ida. 135, 215 Pac. 462; *Lessman v. Anschustigui,* 37 Ida. 127, 215 Pac. 460.)

Wright A. Stacy, for Respondent, filed no brief and made no appearance.

BAUM, District Judge.—This is an action for damages for trespass of sheep in violation of the provisions of C. S., secs. 1908 and 1909. A trial was had thereon and at the close of plaintiff's case an order of nonsuit was entered as to the defendants Tom Goitia and Goitia Brothers, a copartnership, and a verdict returned against Miguel Goitia in the sum of $300. Thereafter judgment was rendered thereon and this appeal is from such judgment.

Appellant contends that the evidence is insufficient to sustain the verdict and that error was committed in refusing to give certain requested instructions to the jury.

The action was founded upon the allegation that the sheep were herded and permitted to graze within two miles of the dwelling-house of the respondent.

The evidence discloses that the sheep were upon the lands in question; in fact, the defendant failed to produce any evidence to the contrary, his evidence going only to the ownership of the sheep and the residence of the respondent.

The questions as to whether the house on the lands of the respondent was being used as his dwelling-house, and as to who was the owner of the sheep were submitted to the jury under proper instructions. The jury found in favor of the respondent; the evidence, though not conclusive, was sufficient to sustain the verdict in this respect. (*Denney v. Arritola*, 31 Ida. 428, 174 Pac. 135.) The instructions as given by the court covered the material parts of the instructions requested by appellant.

[1] It is well settled that, if there is conflict in the evidence and there is evidence in the record which, if uncontradicted, would support the judgment, this court must affirm it. (*Singh v. McKee*, 38 Ida. 656, 225 Pac. 400; *Fritcher v. Kelley*, 34 Ida. 471, 201 Pac. 1037.)

[2] The most favorable view that can be taken of the evidence as to the amount of damage shows that respondent had to put one hundred head of cattle in the pasture and on feed a month earlier than he would had it not been for the trespass, and that they would eat during such time approximately twenty tons of hay, and that the hay was worth $8 per ton, or $160. It is therefore apparent that the verdict was unsupported, as to the amount, by the evidence, and that the jury in rendering the verdict was not controlled by the testimony given and the legitimate inferences to be drawn therefrom. [3] No special damages were pleaded, hence no recovery can be had for such. (*Kirk v. Madareita*, 32 Ida. 403, 184 Pac. 225.) The correct rule, applicable to the instant case, as to the measure of damages, is contained in the case of *Chandler v. Little*, 30 Ida. 119, 163 Pac. 299.

The amount of the verdict should be reduced to $160. An order may be entered setting aside the judgment entered on the verdict, and a new trial granted, unless respondent shall within ten days after notice of the *remittitur* herein

file with the clerk. of the lower court a waiver of any amount in excess of $160. Costs are awarded to appellant.

William A. Lee, C. J., and Budge and Taylor, JJ., concur.

Wm. E. Lee, J., did not sit at the hearing or participate in the decision in this case.