[Civ. No. 7773. Second Appellate District, Division One.—May 6, 1931.]

In the Matter of the Estate of MAUDE GANES, Deceased. CHARLES E. PATTERSON, Appellant, v. FANNIE PATTERSON, Respondent.

Benjamin Lewis, Milton Mitchell and Fairfax Cosby for Appellant.

Lewis K. Beeks and Willis O. Tyler for Respondent.

HOUSER, J.—Following the decease of Maude Ganes, one Fannie O. Patterson, who claimed to be her daughter, petitioned the superior court for an order by which she would be appointed administratrix of the estate of said deceased; to which petition one Charles E. Patterson, as nominee of two nieces of said deceased, filed written objections. Later, by a separate instrument, the said Charles E. Patterson, as such nominee, petitioned the superior court that he be appointed administrator of said estate; to which petition Fannie O. Patterson likewise filed her written objections. On the hearing of said two petitions a "decree" was rendered by the trial court by which letters of administration in said estate were ordered to issue to the said Fannie O. Patterson. It is from such order or judgment that the appeal herein is presented.

Appellant contends that the evidence was insufficient "to justify the decision or order of the court".

It is conceded that the legality of the order or judgment here under consideration rests upon the determination of whether the evidence was sufficient to justify the implied finding by the trial court that Fannie O. Patterson was the daughter of said deceased. In that connection, among other facts disclosed by the record herein, the following may be noted: From a very early period in the lifetime of Fannie O. Ganes and extending to a time when she was nearly a young woman, she was a member of the family of said deceased and lived in the household with her and her husband, James E. Ganes. Each of them addressed Fannie as "daughter". An entry in the family Bible of the deceased shows the birth of "Fannie O. Ganes, Feb. 2, 1897." James E. Ganes predeceased his wife Maude Ganes. In the petition presented to the superior court for distribution of his estate, which was signed by his widow Maude Ganes, the relationship between Fannie and the deceased is thus described: "Fannie is the daughter of James E. Ganes, deceased." A representation contained in an insurance policy issued in 1903 upon the life of Fannie O. Ganes (when Fannie was a mere child) shows that James E. Ganes, the husband of the deceased, sustained the relation of "father" to Fannie. In a policy of life insurance issued to the de-

ceased upon her own life, the designation of the beneficiary therein is as follows:

"In connection with the above numbered policy I hereby designate Fannie Benbow (the then married name of Fannie Ganes); (Address) 1732 E. 15th St.; (Relationship) daughter; (Occupation) domestic; (Age) 23, as beneficiary." On a postal card written in 1911 by James E. Ganes to Fannie, the following appears: " . . . You must be a good girl and not whip Mama too much. It is cold tonight. Goodbye. From Papa."

Although in opposition to the foregoing, the evidence adduced by Charles E. Patterson was substantial in character, and from which the trial court would have been warranted in reaching a conclusion that Fannie was not the daughter of Maude Ganes, nevertheless it is likewise apparent that the evidence to which reference has been had was also sufficient to justify the implied finding which was made by the trial court and which furnished a sound foundation for the order or judgment from which the appeal herein is taken.

■ Appellant also specifies error by the trial court "in permitting respondent to testify that she knew of her own knowledge that she was the natural child of decedent". That such evidence was competent is attested by the decision in the case of *Comstock* v. *State*, 14 Neb. 205 [15 N. W. 355], where it is held that "a child may be a competent witness to testify to the fact of his parentage". See, also, *Estate of Hartman,* 157 Cal. 206 [21 Ann. Cas. 1302, 36 L. R. A. (N. S.) 530, 107 Pac. 105]; *Estate of Horgan,* 93 Cal. App. 36 [268 Pac. 1090].

■ Appellant further complains that the trial court erred in denying appellant's motion for a new trial on the ground of "newly discovered evidence". An examination of the affidavit presented by appellant in support of such motion shows that, in effect, it was but cumulative of evidence adduced by appellant on the hearing of the petition, and particularly that, in character, it was in the nature of impeachment of the testimony given by Fannie in substance that she was the daughter of the deceased. The decision of the question of whether a new trial should be granted rested in the sound discretion of the trial court; and in the absence of any showing which would clearly indicate an abuse of such discretion, no relief may be had from the order by which the motion was denied.

The order or judgment from which the appeal is taken is affirmed.

Conrey, P. J., and York, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on June 2, 1931, and a petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 2, 1931.