Mike De Nuncio, sometimes known as Mike Rossi, died intestate in Lewiston, Nez Perce county, April 22, 1935, leaving an estate of personal property in Nez Perce county and Idaho county, the deceased being a resident of the latter county at the time of his death. April 24, 1935, the coroner and sheriff of Idaho county filed their petition in the probate court of Idaho county seeking to have Florence Murray appointed administratrix of the estate of De Nuncio, the petition being noticed for hearing May 4, 1935. May 1, 1935, appellant Tony Denzo, duly and regularly served and filed objection to said petition, alleging he was an heir and nephew of deceased and also filed his petition seeking letters of administration to be issued to himself. The petitions came on for hearing May 23, 1935, and the probate court made and entered its order denying and dismissing the petition of appellant Denzo and made and entered an order appointing Florence Murray administratrix of the estate. June 12, 1935, appellant Denzo appealed to the district court of Idaho county from the order of the probate court. The matter came on regularly for trial in the district court June 18, 1935, and on said day the district court made and entered an order denying the petition of both the sheriff and coroner of Idaho county and appellant Denzo, and made and entered an order remanding the proceedings to the probate court directing it to appoint the public administrator of Idaho county as the general administrator of the estate of De Nuncio. From this order appellant Denzo appealed and Florence Murray has perfected a cross-appeal. There is a motion to dismiss the appeal of Denzo, *Page 65 
it being urged that such appeal was not properly perfected, which motion should be denied.
It is assigned as error that the court erred in denying the petition of appellant and in making and entering its order directing the probate court to appoint the public administrator of Idaho county as the general administrator of the estate, for the reason that the evidence clearly shows that the deceased left known heirs and that appellant Denzo is a nephew of said deceased. The point sought to be made is that the evidence clearly shows that appellant Denzo was a relative, a nephew, of deceased, and therefore, under the provisions of I. C. A., sec. 15-312, entitled to appointment as administrator of the estate in preference to either Florence Murray or the public administrator. The orders of both the probate and district court are based upon the determination of the question of fact of relationship of appellant Denzo to the deceased De Nuncio, the probate court determining in its order that: "contestant and cross-petitioner Tony Denzo, is not a relative nor next of kin of said deceased" and the district court determining "that said appellant, Tony Denzo, has not produced sufficient evidence to show and prove that he, the said Tony Denzo, was a nephew or a relative of the deceased." There was no documentary proof submitted to establish the relationship of appellant Denzo to the deceased. In addition to the testimony of Denzo that he was a nephew of the deceased there is testimony to the effect that appellant Denzo had made statements at other times that he was not related to deceased. Various witnesses testified that the deceased had introduced Denzo as and stated that he was his nephew, while others testified that deceased had stated that he had no relative in the country and that his only relatives were in Italy, and, had spoken of and introduced Denzo as only a friend and had likewise stated he did not know Denzo's last name. The most that can be said is that the evidence was conflicting and there was substantial evidence to sustain the trial court, which being true this court will not reverse the trial court. (Fritcher v. Kelley, 34 Idaho 471,201 Pac. 1037; Singh v. McKee, 38 Idaho 656, 225 P. 400; Giffordv. Goitia, 42 Idaho 408, 245 P. 933; Marysville Dev. Co. v.Hargis, 41 Idaho 257, *Page 66 239 Pac. 522; McDougal v. Kersey, 108 Okl. 231, 236 P. 7; Wise v.Cutchell, 171 Okl. 60, 41 P.2d 864; In re Gane's Estate,114 Cal.App. 17, 299 P. 550.)
The remaining question, raised by the cross-appeal of Florence Murray, challenges the order of the district court denying the petition of the sheriff and coroner of Idaho county for the appointment of Florence Murray as administratrix and directing the probate court to appoint the public administrator as general administrator of the estate, it being urged that there having been no petition for appointment on behalf of the public administrator or any other person, and Florence Murray being qualified to act, her appointment as administratrix should have been affirmed. I. C. A., sec. 15-312, provides that:
"Administration of the estate of a person dying intestate must be granted to some one or more of the persons hereinafter mentioned, and they are respectively entitled thereto in the following order:
"1. The surviving husband or wife or some competent person whom he or she may request to have appointed.
". . . .
"9. The public administrator.
"10. The creditors.
"11. Any person legally competent.
". . . ."
There is no contention that Florence Murray or the sheriff and coroner who petitioned for her appointment are within any class which would be better entitled to appointment than the public administrator, but it is contended that, although it be conceded that the public administrator would have a preferential right to appointment over Florence Murray had the public administrator applied for appointment, since the public administrator did not make any application the provisions of I. C. A., sec. 15-324, are applicable, providing as follows:
"Letters of administration must be granted to any applicant, though it appears that there are other persons having better rights to the administration, when such persons fail to appear and claim the issuing of letters to themselves." *Page 67 
Whatever application this section may have under other circumstances, for example where there are known heirs (Wright v. Merrill, 26 Idaho 8, 140 P. 1101) it appears that such section is inapplicable in the instant situation. While the eleventh subdivision of I. C. A., sec. 15-312, provides that letters of administration may be granted to "any person legally competent," which is the classification of Florence Murray, such subdivision is qualified by the provisions of I. C. A., sec. 15-326, providing:
"Administration may be granted to one or more competent persons, although not otherwise entitled to the same, at thewritten request of the person entitled, filed in the court." (Italics inserted.)
It has been held by this court that a person who has no interest in the estate has no standing to apply for letters of administration, except when nominated by someone in interest. That is, one without interest in the estate and not within the line of succession can be appointed as administrator only on the application of a person entitled. (McCormick v. Brownell,25 Idaho 11, 136 P. 613. See, also, In re Owens' Estate,30 Utah, 351, 85 P. 277.) The result thus is, that where there are no heirs and there is no one with an interest in the estate a person legally competent otherwise has no standing as an applicant for letters of administration by reason of the fact that no person entitled to administer exists to make the necessary request that the person otherwise legally competent be appointed administrator. The public administrator thus, in such a situation, is the only person with any preference or who is entitled to administer such estate. It is disclosed by the record herein that the sheriff and coroner of Idaho county were informed of the fact that the deceased De Nuncio left an estate and they petitioned for the appointment of Florence Murray. By the provisions of I. C. A., sec. 15-1607, it appears that it was their duty to inform the public administrator, the statute providing:
"All civil officers must inform the public administrator of all property known to them, belonging to a decedent, which is liable to loss, injury or waste, and which, by reason thereof, ought to be in the possession of the public administrator." *Page 68 
It would likewise appear that inasmuch as Florence Murray, or the sheriff or coroner, who petitioned for her appointment, had no standing as applicants, none of them having an interest in the estate, their application was therefore of no force or effect. It is provided by I. C. A., sec. 15-352, that:
"Whenever there is delay in granting letters testamentary or of administration, from any cause, . . . . or when no application is made for such letters, . . . . the probate court . . . . may direct the public administrator of his county to take charge of the estate."
It will be further noted that I. C. A., sec. 15-1603, makes it unnecessary that there be notice of application for letters of administration by the public administrator and that the statute presupposes that the public administrator may take charge of an estate before the procurement of letters of administration, the statute providing:
"Whenever a public administrator takes charge of an estate which he is entitled, under the provisions of chapter 3 of this title, to administer without letters of administration being issued, or under order of the court, he must, with all convenient dispatch, procure letters of administration thereon. No notice of application for letters by a public administrator is necessary, and his official bond and oath are in lieu of the administrators bond and oath, but when real estate is ordered to be sold, another bond may be required by the court."
I. C. A., sec. 15-1613, provides:
"After a final settlement of the affairs of any estate, if there be no heirs or other claimants thereof, the administrator must pay into the state treasury any and all moneys and effects in his hands belonging to the estate such moneys and effects shall be placed in the escheat suspense fund and shall remain therein for a period of eighteen months during which time claim may be made therefor in the manner provided by section 15-1329; provided, that if the certificate authorized by section 15-1329 is not presented to the state auditor within eighteen months after such moneys and effects have been paid into the state treasury, they shall be apportioned to the public school fund." *Page 69 
When there are no heirs or other claimants, an estate escheats to the state to be apportioned to the public school fund, excepting those fees which may be payable to the county. (In re Rice, 12 Idaho 305, 85 P. 1109.)
The majority opinion in effect directs the probate court of Idaho county to appoint the public administrator of Nez Perce county as administrator of the estate, thereby conceding that the probate court of Idaho county is the court of original jurisdiction. Otherwise the probate court of Idaho county, that is, unless it is the court of original jurisdiction, would have no authority to issue letters of administration to the public administrator of Nez Perce county, Idaho county or any other county, nor to any person. The question of jurisdiction cannot be waived.
The majority opinion, in other words, lays down the doctrine that if a resident of Bear Lake county, in the extreme southeastern part of the state, dies, having no known heirs, while on a visit to Boundary county, in the extreme northern part of the state, the probate court of Bear Lake county is required, under the provisions of I. C. A., section 15-1602, to appoint the public administrator of Boundary county as the general administrator of such estate, and in support of this position attention is called to I. C. A., section 15-1602, which provides:
"Every public administrator, duly qualified, must take charge of the estates of persons dying within his county, as follows:
". . . .
"2. Of the estates of decedents who have no known heirs"; but disregards I. C. A., section 15-101, which provides:
"Wills must be proved, and letters testamentary or of administration granted:
"1. In the county of which decedent was a resident at the time of his death, in whatever place he may have died. . . . ."
I. C. A., sec. 15-1602, supra, simply provides that the public administrator of any county must take temporary charge of the estates of persons dying within his county, who have no known heirs, in order to safeguard and prevent loss of the *Page 70 
property of the party dying. By taking charge such public administrator does not become the general administrator of the estate. The probate court of Idaho county, under the provisions of I. C. A., sec. 15-101, supra, was and is the court of original jurisdiction by reason of the fact that the deceased, at the time of his death, was a resident of Idaho county. The place of his death would be unimportant. The probate court of Idaho county being the court of original jurisdiction, the deceased dying without known heirs, it was the duty of the probate court of Idaho county to appoint the public administrator of Idaho county to administer the estate. Public administrators are elected by the people to serve within their respective counties, not to serve in foreign counties. The probate court's jurisdiction to appoint the public administrator is limited to the appointment of the public administrator within his own county.
I am thus constrained to the view that the order of the district court denying the petitions of appellant and cross-appellant and ordering the case back to the probate court was correct.
The judgment should be affirmed.