Points Decided.

---

(June 8, 1908.)

## LOGAN ROSEBOROUGH, Respondent, v. WM. E. WHITTINGTON, Appellant.

[96 Pac. 437.]

TWO-MILE LIMIT LAW—DAMAGES FOR HERDING AND GRAZING SHEEP—INSTRUCTIONS — SUFFICIENCY OF THE EVIDENCE — VERDICT — SUBSTANTIAL EVIDENCE TO SUPPORT IT—COSTS ON APPEAL FROM JUSTICE'S COURT.

1. Where the court gives instructions substantially covering the evidence, it is not error to refuse to give requested instructions that cover substantially the same ground.

2. Under the provisions of secs. 1210 and 1211, Rev. Stat., in order to recover, the plaintiff must show that he has sustained actual damages and real loss. Speculative and remote damages cannot be recovered under the provisions of said sections.

3. *Held,* that the evidence shows that the plaintiff sustained actual damage and real loss to the full amount of the judgment, by reason of the defendant's having grazed and herded his sheep within two miles of plaintiff's dwelling.

4. Under the provisions of sec. 4824, Rev. Stat., as amended by Laws of 1907, page 484, where there is substantial evidence to support the verdict, the same will not be set aside on appeal.

5. It is not error to refuse an instruction which laid down as a rule of law that the owner of sheep could legally herd or graze his sheep on the public domain within two miles of his own residence, even though such herding and grazing was within two miles of another person's dwelling-house.

6. Sec. 4904, Rev. Stat., which provides that no costs can be allowed in an action for the recovery of money or damages when the plaintiff recovers less than one hundred dollars, applies to actions originally brought in the district court and not to actions brought in the probate or justice's court and taken by appeal to a higher court.

(Syllabus by the court.)

APPEAL from the District Court of Sixth Judicial District for Fremont County. Hon. James M. Stevens, Judge.

Action to recover damages under what is known as the "two-mile limit law." Judgment for plaintiff. *Affirmed*

J. D. Millsaps, for Appellant.

In an action of this kind the permanent injury to the range or the effect upon the grass for another season, by reason of herding and grazing sheep upon it, tramping out and destroying it, is not a proper element of damage. (*Sweet v. Ballentine,* 8 Ida. 431, 69 Pac. 995; *Spencer v. Morgan,* 10 Ida. 542, 79 Pac. 459; *Swanson v. Groat,* 12 Ida. 148, 85 Pac. 384.)

No man has a property right in and to the grasses growing upon the public domain to the exclusion of all other persons, even though said grass may be growing within two miles of his dwelling, if the same is within two miles of the dwelling of another. (*Sifers v. Johnson,* 7 Ida. 798, 97 Am. St. Rep. 271, 65 Pac. 709, 54 L. R. A. 785; *Sweet v. Ballentine,* 8 Ida. 431, 69 Pac. 995; *Walling v. Bown,* 9 Ida. 740, 76 Pac. 318; *Phipps v. Grover,* 9 Ida. 415, 75 Pac. 64; *Spencer v. Morgan,* 10 Ida. 542, 79 Pac. 459.)

Even if the plaintiff had the seeking of other ranges for his stock, that is not an element of damage in such a case as the one at bar. (*Risse v. Collins,* 12 Ida. 689, 87 Pac. 1006.)

The court erred in rendering judgment against the defendant and in favor of the plaintiff for the costs of this action, for the reason that this is an action for the recovery of damages and the amount recovered is less than $100. (*Chase v. Hagood,* 3 Ida. 682, 34 Pac. 811; *Swinehart v. Pocatello M. & P. Co.,* 8 Ida. 710, 70 Pac. 1054; *Richards v. Scott,* 7 Ida. 726, 65 Pac. 433; *Lovel v. Joyce,* 9 Ida. 386, 74 Pac. 1073.)

Soule & Soule, for Respondent.

Secs. 4901-4904, Rev. Stat., cited by appellant, refer to actions originally commenced in the district court, and have no reference to appeals from the justice court. (*Lovel v. Joyce,* 9 Ida. 386, 74 Pac. 1073; *Loring v. Rockwood,* 13 Kan. 178; *Clifton v. Sparks,* 29 Mo. App. 560, 11 Cyc. 244.)

The cost and expense and the time plaintiff spent in looking after and caring for his cattle and horses and in seeking other range for them, when such expenses have been caused by the defendant's sheep, as was done in this case, are proper ele-

ments of damage. (*Sweet v. Ballentine, supra; Colby v. Mc-Dermont,* 6 N. D. 495, 71 N. W. 772; *Allstead v. Nicol,* 123 Cal. 594, 56 Pac. 452; *Wiseman v. Ziegler,* 41 Neb. 886, 60 N. W. 320.)

Where there is a conflict in the evidence, the verdict of the jury will not be disturbed. (*Spencer v. Morgan,* 10 Ida. 542, 79 Pac. 459.)

SULLIVAN, J.—This action was commenced to recover damages alleged to have been sustained by reason of the appellant's herding and grazing his sheep within two miles of the dwelling-house of the respondent, under the provisions of secs. 1210 and 1211, known as the "two-mile limit law." The action was brought in justice's court, where a judgment was rendered in favor of the defendant. Thereupon the plaintiff appealed to the district court, where the cause was tried *de novo* before the court with a jury, and a verdict and judgment were rendered and entered in favor of the plaintiff for the sum of $80 and costs of the suit. The appeal is from the judgment.

It is first contended that the court erred in permitting the witness to answer over the objection of the defendant, the following question: "What is the effect on the grass for another season on account of the tramping out of the grass?" It was error to permit the witness to answer that question. However, the witness simply stated that it would injure it for the following year, but no proof was introduced tending to show any amount of damages for the year 1908. The instructions of the court confined all damages recoverable in this action to the period between June 6th and June 25th of the year 1907, and as the legal evidence shows that the damage for that period amounted to fully as much as the judgment entered, permitting the witness to answer said question was error without prejudice.

It is next contended that it was error to permit a witness to answer, over the objection of the defendant, the following question: "What would you estimate the damage to Mr. Roseborough by reason of this range being destroyed as it was de-

stroyed?'' It was not error to permit the witness to answer that question, as the evidence tends to show that the range was destroyed by the herding and grazing of sheep thereon for the year 1907, and the plaintiff's damages were confined to that year.

The action of the court in permitting the witness to answer the following questions is assigned as error: Q. ''Since that time have you seen those cattle or horses on that range which was grazed over by those sheep?'' And, Q. ''Do you know why they did not and would not?'' It was not error to permit the witness to answer those questions, as it was competent for the plaintiff to show that his cattle and horses would not graze on said range after it had been grazed over by the sheep.

A witness was called on behalf of the defendant and testified that he owned sheep and had a ranch near the ranch of the plaintiff, and on cross-examination he testified that at one time he saw his own sheep northeast of the plaintiff's ranch, and the next time, southeast of it, and the next time, east of it. As the damage alleged to have been committed by the defendant's sheep was north and southwest of plaintiff's ranch, the evidence referred to was irrelevant and immaterial and in no manner affects the damages caused by the defendant's sheep, and for that reason could in no wise prejudice the defendant.

The court correctly instructed the jury in regard to the preponderance of the evidence, and while instruction No. 3 upon that subject, requested by the defendant, was substantially correct, yet we think it fairly covered by the instruction given upon that question.

Instruction No. 5, as requested by counsel for the defendant, was given, except the following words were stricken therefrom: ''Even though mentioned or testified about by witnesses,'' and the instruction given was as follows:

''The court instructs the jury that in considering whether or not the plaintiff has been damaged and in assessing his damages, you should and must not take into consideration anything as an element of damages which is remote, imaginary, uncertain or speculative, but before the plaintiff can recover,

he must have sustained actual damages and real loss between the 6th day of June and the 25th day of June, 1907, and unless you are convinced by a preponderance of the evidence that the plaintiff sustained an actual damage or real loss between said dates, you are instructed to and must find for the defendant."

That instruction directs the jury not to take into consideration any element of damages which is remote, imaginary, uncertain or speculative, and before the plaintiff can recover he must show that he has sustained actual damages and real loss between the 6th day of June and the 25th day of that month, and that unless the jury were convinced by a preponderance of the evidence that the plaintiff sustained an actual damage or real loss between said dates, they were instructed to find for the defendant. The instruction as given is clearly correct, and while it would not have been error to have left the words stricken out in the instruction, we think it was not error to strike them out.

Certain other instructions were requested by the defendant and refused by the court, and its action assigned as error, but after a consideration of those instructions and the instructions given by the court, we think that the court did not err in refusing to give those instructions, for the reason that the greater part of them were covered by other instructions, and it was not error to refuse to give the parts excluded and refused.

While a part of the evidence refers to the damages which the plaintiff sustained during the season of 1907, the plaintiff himself testified that on account of the grass being tramped out and destroyed by the sheep of appellant, between the 6th day of June and the 25th of that month, he sustained damages in the sum of $300. He also testified that between those dates he spent about twenty days looking after his cattle and horses that he would not have had to so spend had not the defendant's sheep destroyed said range, and that such services were worth $2 a day. The plaintiff had about 120 head of cattle and some horses, and he testified that the damage

to said animals from the 6th of June to the 25th was fifty cents a head.

There is other evidence in the record as to the damages sustained by the plaintiff, and under the provisions of sec. 4824, Rev. Stat., as amended by the Laws of 1907, page 484, it is provided that whenever there is substantial evidence to support a verdict, the same shall not be set aside. We think there is substantial evidence to support the verdict, and that the evidence is amply sufficient to support a verdict of $80 damages. In this class of cases, only actual damages can be recovered. Remote and speculative damages cannot be recovered.

The action of the court in refusing to give the following instruction is assigned as error:

"The court instructs the jury that no person has a right to the grass growing on the public domain to the exclusion of all other persons, and if the grass is growing upon the public domain within two miles of the dwelling of two or more persons, then all of them have an equal right to graze said grass, and if you believe from the evidence in this case that the grass alleged to have been eaten by the defendant's sheep was within two miles of the dwelling-house of defendant as well as within two miles of the dwelling-house of the plaintiff, you are instructed that the defendant had the same right to said grass as the plaintiff had."

That instruction lays down as a rule of law that the plaintiff could not recover if the grass alleged to have been eaten by the defendant's sheep was within two miles of his dwelling-house, even though it was within two miles of the dwelling-house of the plaintiff. While that would be true if it applied to other animals than sheep which were permitted to run at large under the laws of this state, it is not true as to sheep, as owners are prohibited from herding or grazing them within such two-mile limit, even though the owner's dwelling-house is within that limit. The vice in the instruction is in laying down as a rule of law that an owner of sheep may legally graze and herd his sheep on the public domain within two miles of his own residence, regardless of whether such

grazing and herding be within two miles of another person's dwelling-house, as the statute provides for recovering damages for grazing sheep within two miles of a person's dwelling, even though such grazing be within two miles of the dwelling of the owner of such sheep. The court did not err in refusing to give said instruction.

It is contended that the court erred in rendering the judgment against the defendant for costs, for the reason that this action is for the recovery of damages and the amount recovered is less than the sum of $100, and sec. 4904, Rev. Stat., is cited in support of this contention. That section provides that no costs can be allowed in an action for the recovery of money or damages when the plaintiff recovers less than $100. The provisions of that section apply to actions brought originally in the district court, and not to those originally brought in a justice's or probate court and appealed to the district court. *Lovell v. Joyce,* 9 Ida. 386, 74 Pac. 1073, was an action brought in a justice's court and appealed to the district court, and on appeal the plaintiff recovered a judgment of only $53, and this court allowed plaintiff his costs, although the defendant had by his appeal reduced the judgment $52. There is nothing in this contention, as the prevailing party on appeal from a justice's court is entitled to his costs, even if the judgment be less than $100.

We have made a careful examination of the entire record and as we find no prejudicial error therein, the judgment must be affirmed and it is so ordered. Costs are awarded to the respondent.

Ailshie, C. J., and Stewart, J., concur.