(February 10, 1917.)

## J. E. CHANDLER, Respondent, v. ANDREW LITTLE, Appellant.

[163 Pac. 299.]

PUBLIC RANGE—REGULATION OF—POLICE POWER—DESTRUCTION OF GRASS —MEASURE OF DAMAGE.

1.  Secs. 1217 and 1218, Rev. Codes, making it unlawful for an owner of sheep to herd them or permit them to graze within two miles of the dwelling-house of another, and providing as a penalty that the party injured may recover from such owner for damages sustained thereby, were enacted and are enforced in the exercise of the police power of the state.

2.  Under the facts of this case the measure of damage is the loss respondent actually sustained as a direct result of appellant's sheep grazing off and destroying, within two miles of his dwelling-house, grass growing upon the public range which his stock would have fed upon had it not been so grazed off and destroyed.

APPEAL from the District Court of the Seventh Judicial District, for Canyon County. Hon. Ed. L. Bryan, Judge.

Action to recover penalty for the violation of sec. 1217, Rev. Codes. Judgment for plaintiff. *Affirmed.*

E. J. Frawley and Scatterday & Van Duyn, for Appellant.

In order for the plaintiff to recover, he must show the actual number of stock that would have been ranged by him upon the public range grazed or herded upon by the sheep within the two miles of his dwelling-house between the dates in which the grazing and herding was done; the reasonable value of said range to him for said pasturage between the dates aforesaid, which valuation must be shown by the testimony of competent witnesses as to the reasonable value of said range. (*Roseborough v. Whittington*, 15 Ida. 100, 103, 96 Pac. 437.)

The question of damage will be a question that is to be settled by the jury and not by the witnesses. (*McGuire v. Post Falls etc. Mfg. Co.*, 23 Ida. 608, 131 Pac. 654; *McKissick*

*v. Oregon Short Line R. Co.*, 13 Ida. 195, 89 Pac. 629; *Axtell v. Northern Pac. R. Co.*, 9 Ida. 392, 74 Pac. 1075; *McClain v. Lewiston etc. Racing Assn.*, 17 Ida. 63, 20 Ann. Cas. 60, 104 Pac. 1015, 25 L. R. A., N. S., 691; *Jenkins v. Commercial Nat. Bank*, 19 Ida. 290, 296, 113 Pac. 463; *Chicago, R. I. & P. R. Co. v. Teese*, 42 Okl. 188, 140 Pac. 1166, 52 L. R. A., N. S., 167; *Atchison, T. & S. F. R. Co. v. Wilkinson*, 55 Kan. 83, 39 Pac. 1043.)

Geo. F. Zimmerman and W. A. Stone, for Respondent.

"Any evidence tending to show what the grass was worth when put to any of the uses for which it was valuable should be admitted." (*Gulf etc. Ry. Co. v. Matthews*, 3 Tex. Civ. 493, 23 S. W. 90; *People's Ice Co. v. Steamer Excelsior*, 44 Mich. 229, 38 Am. Rep. 246, 6 N. W. 636.)

"The ordinary, and in general, the only legal course is to lay such facts before the jury as have a bearing on the question of damages and leave them to fix the amount." (*Sweet v. Ballentyne*, 8 Ida. 431, 69 Pac. 995.)

MORGAN, J.—This action was commenced by respondent to recover from appellant the penalty for the violation of sec. 1217, as provided for by sec. 1218, Rev. Codes, which sections are as follows:

"Sec. 1217. It is not lawful for any person owning or having charge of sheep to herd the same, or permit them to be herded, on the land or possessory claims of other persons, or to herd the same or permit them to graze within two miles of the dwelling house of the owner or owners of such possessory claim.

"Sec. 1218. The owner or the agents of such owner of sheep violating the provisions of the last section, on complaint of the party or parties injured before any justice of the peace for the precinct where either of the interested parties may reside, is liable to the party injured for all damages sustained; and if the trespass be repeated is liable to the party injured for the second and every subsequent offense in double the amount of damages sustained."

So far as they apply to the facts in this case, sec. 1217 makes it unlawful for any person owning sheep to herd or permit them to graze upon the public range within two miles of the dwelling-house of another, and sec. 1218, as a penalty for the violation of the former section, makes the owner liable to the party injured for all damages sustained as a direct result of the sheep being so herded or permitted to graze. These sections were enacted and are enforced in the exercise of the police power of the state for the preservation of the peace, quietude and safety of the inhabitants of sparsely settled districts where public range exists and where it has, heretofore, been the subject of contention between settlers and the owners of cattle and horses upon the one hand and of sheep upon the other. (*Siefers v. Johnson*, 7 Ida. 798, 97 Am. St. 271, 65 Pac. 709, 54 L. R. A. 785; *Sweet v. Ballentyne*, 8 Ida. 431, 69 Pac. 995; *Bacon v. Walker*, 204 U. S. 311, 27 Sup. Ct. 289, 51 L. ed. 499.)

The trial resulted in a verdict for respondent in the sum of $100 and judgment was rendered in his favor for that amount and costs. This appeal is from the judgment.

Appellant contends that the evidence is insufficient to sustain the verdict, also that the rulings of the court, as to the admissibility of evidence, were erroneous and that error was committed in giving certain instructions, and in refusing to give others, to the jury.

The record discloses that respondent is a farmer and stock-raiser, and that on and about May 24, 1913, he was the owner of 160 head of livestock, consisting of horses and cattle, which were then pasturing upon and were accustomed to range and pasture upon about 1,000 acres of public domain and other unfenced lands within a radius of two miles of his place of residence; that on the date above mentioned appellant's servants and employees brought two bands of sheep, of about 2,000 head each, upon the public range, above mentioned, and herded and permitted them to graze thereon; that one of the bands were so kept and pastured within two miles of respondent's dwelling-house for about a week and the other about half that length of time.

There is conflict in the evidence as to the value of the public land within two miles of respondent's premises for grazing purposes, but sufficient evidence was adduced to justify the jury in concluding that on and immediately prior to the 24th day of May, 1913, it furnished good pasture for horses and cattle and that when the sheep were removed the grass was practically destroyed and the land was, for a considerable period of time thereafter, almost worthless for range purposes; that had the grass not been destroyed it would have furnished feed for respondent's stock and that his damage, by reason of its destruction, amounted to the sum found in the verdict.

Since respondent was not the owner of the grass growing upon the public domain within two miles of his residence, but had a right only in common with others to pasture his horses and cattle upon it, counsel for appellant insist that the damage recoverable should be confined to the actual injury sustained by respondent by reason of his loss of the use of the range during the time the sheep were being herded there.

The rule contended for is too narrow. Applied to the facts of this case it would mean that sufficient grass to feed 160 head of horses and cattle during the number of months might be consumed or destroyed in violation of the law and the penalty would be limited to the reasonable value of pasturage for such of them as left or were removed from the range during the week the sheep occupied it. Such a theory cannot survive when we apply to it the plain language of sec. 1218, *supra,* wherein it is said: "The owner . . . . of sheep violating the provisions of the last section, . . . . is liable to the party injured for all damages sustained.

So many elements may enter into claims arising under the law regulating the use of the range that we will not attempt to lay down a general rule fixing the measure of damage in all cases, but will say that, under the facts of this case, it is the loss respondent actually sustained as a direct result of appellant's sheep grazing off and destroying, within two miles of his dwelling-house, grass growing upon the public

range which, in reasonable probability, his stock would have fed upon had it not been so grazed off and destroyed.

The instructions given correctly state the law applicable to the case, and we find no error in the rulings of the trial judge relative to the admissibility of evidence.

The judgment appealed from is affirmed. Costs are awarded to respondent.

Budge, C. J., and Rice, J., concur.