(April 30, 1923.)

CLYDE C. FOSTER, Respondent, v. GREGORIO ANSCHUSTIGUI, Appellant.

[215 Pac. 463.]

TWO-MILE LIMIT LAW—DAMAGES FOR HERDING AND GRAZING SHEEP—SUFFICIENCY OF THE EVIDENCE—JUDGMENT—SUBSTANTIAL EVIDENCE TO SUPPORT IT.

1. Evidence examined and *held* to be sufficient to support the findings and judgment.

2. Where plaintiff makes out a *prima facie* case and the defendant introduces no evidence, the judgment will not be disturbed on appeal.

3. Admission of proof of loss in weight of livestock and the sale thereof made necessary by loss of range due to trespass by sheep was not erroneous since it was proof of such damages as were actually sustained as a direct result of the trespass.

APPEAL from the District Court of the Third Judicial District, for Owyhee County. Hon. Charles F. Reddoch, Judge.

Action to recover damages under what is known as the "two-mile limit law." Judgment for plaintiff. *Modified* and *affirmed.*

P. E. Cavaney, for Appellant.

The judgment is excessive and is not supported by the evidence. (*Harker v. Seawell*, 35 Ida. 457, 206 Pac. 812; *Taylor v. Hall*, 8 Ida. 757, 71 Pac. 116.)

Where the findings or verdict is not supported by substantial evidence, the same will be set aside. (*Studebaker Bros. v. Harbert*, 35 Ida. 490, 207 Pac. 587; *Quayle v. Ream*, 15 Ida. 666, 99 Pac. 707; *Continental L. Ins. Co. v. Yung*, 113 Ind. 159, 15 N. E. 220; *Clinton v. Cutlip*, 1 Okl. 302, 32 Pac. 269; Abbott, Civ. J. T., 3d ed., p. 748.)

Evidence of lost profits was not admissible. (*Leitch v. Owyhee S. & L. Co.*, 33 Ida. 292; 8 R. C. L. 501.)

If respondent was relying on special damages the same should have been pleaded. (*Kirk v. Madareita*, 32 Ida. 403, 184 Pac. 225.)

The only damage, if any, that could have been recovered in this action was the value of the growing grass on the public domain. (*Roseborough v. Whittington*, 15 Ida. 100; *Chandler v. Little*, 30 Ida. 119, 163 Pac. 299; *Smith v. Benson*, 32 Ida. 99, 178 Pac. 480; *Fleming v. Benson*, 32 Ida. 103, 178 Pac. 482; *Keller v. Sproat*, 35 Ida. 273, 205 Pac. 894; *Boggs v. Seawell*, 35 Ida. 132, 205 Pac. 262; *Risse v. Collins*, 12 Ida. 689, 87 Pac. 1006.)

Wright A. Stacy, for Respondent.

All the evidence that shows the actual damage to the plaintiff by reason of the trespass is admissible. (*Chandler v. Little*, 30 Ida. 119, 163 Pac. 299; *Smith v. Benson*, 32 Ida. 99, 178 Pac. 480; *Roseborough v. Whittington*, 15 Ida. 100, 96 Pac. 437.)

Our statute states the particular kind of damage allowed under it, to wit: "All damages sustained." (C. S., sec. 1909.)

"Actual damages have been said to include all damages except exemplary damages." (17 Cyc. 710, par. 3; *Enlow v. Hawkins,* 71 Kan. 633, 81 Pac. 189.)

BUDGE, C. J.—This action was brought under what is commonly known as the "Two-Mile Limit Law" (C. S., secs. 1908, 1909). The cause was tried to the court, a jury being waived by stipulation of the parties. No evidence was introduced in behalf of appellant. Judgment was awarded in favor of respondent, from which judgment and from an order overruling a motion for a new trial this appeal is prosecuted.

Numerous assignments of error are specified in appellant's brief. We do not deem it necessary to set them out *seriatim.* The insufficiency of the evidence to support the judgment would seem to be the controlling question involved.

From the record it appears that respondent was the owner and in the possession of the W. ½, N. E. ¼, S. E. ¼, N. W. ¼, N. E. ¼, S. W. ¼, Sec. 9, T. 9 S., R. 5 W., B. M.; that he maintained his permanent dwelling on the land above described; that he was engaged in the stock-raising business; that his livestock ranged and fed upon the public domain surrounding and within two miles of respondent's dwelling; that upon this public domain annually there was produced an abundance of grass, herbage and other vegetation sufficient and necessary for the sustenance of the livestock of respondent; that it was the only accessible range upon which respondent's livestock could be ranged during the summer and fall months. It appears that appellant was the owner of approximately 2,000 sheep; that continuously from the eighth day of July, 1919, to approximately the twenty-second day of July, 1919, and from the sixteenth day of August, 1919, to approximately the twenty-fourth day of August, 1919, appellant, without the consent of the respondent and over his protest, herded and permitted to be herded and

grazed the sheep so owned by him, upon the public domain within two miles of respondent's dwelling. That in consequence thereof the sheep ate up, trampled out, grazed off, consumed and destroyed the grass, herbage and other vegetation being and growing on such public domain. The record further discloses that the reasonable value of the grass growing upon such public domain for the pasturing of live-stock was approximately $3 per month per head.

We are satisfied that there is sufficient evidence to support the findings and judgment. Under no theory of the case can it be said that respondent failed to make out a *prima facie* case, which being true, in the absence of any evidence introduced by appellant, the judgment will not be disturbed on appeal.

It is urged that the damages were not apportioned among the different bands of sheep alleged to have committed the trespass. The evidence fails to show that sheep other than appellant's committed such a trespass that caused damage. Appellant, however, upon cross-examination of respondent sought to show that one, Lessman, on the day previous to the trial of the instant case, recovered a verdict against appellant for the trespass of appellant's sheep over the same ground, which was also within two miles of the dwelling-house of Lessman. To support this contention appellant relies upon certain answers made by respondent's witnesses and particularly upon the following testimony given by respondent:

"Q. How far are you from Mr. Lessman's place.

"A. I join him; our houses are about half a mile apart.

"Q. You're claiming a damage for the same—over the same ground that Lessman claimed damage for, are you not?

"A. Practically the same, part of it.

"Q. Well, practically all the same, isn't it? If your houses join and you are about both in the two mile radius; that would take in approximately the same territory, wouldn't it?

"A. Yes, sir.

"Q. You were here in court and heard Mr. Lessman get a verdict in this court for $750, for the range, didn't you?

"A. No. I don't think I was in the courtroom.

"Q. You know that he did, though, don't you.

"A. I heard that he did."

The verdict recovered by Lessman was neither pleaded in the answer nor offered in evidence. The only evidence offered was that Foster heard that Lessman had recovered a verdict. This court is in no position to determine the extent or nature of the damages caused as a result of the trespass of the sheep for which damages were awarded to Lessman. Had counsel gone further and shown that appellant's sheep had depastured all of the range within the two-mile limit and that Lessman had recovered a verdict for all of the damages caused by the trespass of the sheep and therefore respondent could have sustained no damage, and that Lessman had recovered any damage that respondent claims, a different question would have been presented. An examination of the record convinces us that there is no competent evidence that would justify the conclusion that Lessman had recovered all of the damages caused by the trespass of appellant's sheep. The presumption is that the court, in fixing the amount of damages, awarded respondent only such damages as he was entitled to recover by reason of the trespass of appellant's sheep and that the damages were properly segregated.

It is next urged that the court erred in admitting certain testimony tending to show special damages, in the absence of an allegation thereof. It was shown that by reason of the trespass by appellant's sheep respondent's cattle lost in weight and he was unable to sell certain of them for beef and was forced to sell practically all of them at a reduced price for the reason that his range had been destroyed. It would seem that this evidence was not offered for the purpose of proving special damages but to establish the fact that respondent suffered by the destruction of the grasses and herbage by appellant's sheep. Even if it should be conceded that special damages were proven, the court did not award special damages, but expressly found that respondent suffered damages in the amount awarded "by reason of the

destruction of the range and grasses growing and being on the said public domain within two miles and surrounding the dwelling-house of the respondent.'' The admission of this testimony did not constitute reversible error, since it was such damages that respondent actually sustained as a direct result of appellant's sheep grazing off and destroying, within two miles of his dwelling, grass growing upon the public range which his stock would have fed upon, had it not been grazed off and destroyed. (*Chandler v. Little,* 30 Ida. 119, 163 Pac. 299; *Smith v. Benson,* 32 Ida. 99, 101, 178 Pac. 480; *Roseborough v. Whittington,* 15 Ida. 100, 96 Pac. 437.)

Respondent testified that he had 150 head of cattle and horses, that there was sufficient pasture there to maintain them for one month, and that the value of the pasturage per head per month was $3. That would amount to $450. The court awarded judgment for $467. The judgment should be modified to correspond to the proof, and it is so ordered. From what has been said it follows that the judgment, when modified, should be affirmed, and it is so ordered. Costs are awarded to respondent.

Dunn and Wm. E. Lee, JJ., concur.

Petition for rehearing denied.