(October 7, 1924.)

INTERMOUNTAIN FARMERS EQUITY, M. J. KERR et al., Trustees, Substituted for INTERMOUNTAIN FARMERS EQUITY, a Defunct Corporation, Respondents, v. A. P. NORRIS, Appellant.

[229 Pac. 745.]

EVIDENCE—ADMISSIBILITY—INSTRUCTIONS — REQUESTED INSTRUCTION — APPEAL AND ERROR—ASSIGNMENT OF ERROR.

1. Evidence of the condition of a shipment of oats upon arrival at the point of destination is admissible to show the condition of the oats when loaded, where there is evidence tending to show either an absence of anything that would naturally result in a change in such condition or tending to explain any change that has occurred.

2. It is not error to refuse to give an instruction where no evidence has been adduced relating to the subject thereof.

3. An assignment of error that the evidence is insufficient to sustain the verdict, findings or other decision of the trial court will not be considered unless there is a specification of the particulars in which it is claimed the insufficiency consists.

APPEAL from the District Court of the Fifth Judicial District, for Bannock County. Hon. Robert M. Terrell, Judge.

Action to recover damages for breach of warranty. Judgment for plaintiff. *Affirmed.*

Anderson & Jeffery, for Appellant.

"For the purpose of showing a particular condition of things it is not permissible, according to fundamental principles, to show condition at other places than the one in question—at any rate if such condition at other places is so remote that differences may exist between there and place in question." (10 R. C. L. 944, sec. 113; *Vermillion County v. Chipps,* 131 Ind. 56, 29 N. E. 1066, 16 L. R. A. 228; *Hunt v. Lowell Gas & Light Co.,* 8 Allen (Mass.), 169, 85

Am. Dec. 697; *Dundas v. Lansing,* 75 Mich. 499, 42 N. W. 1011, 5 L. R. A. 143; *Hawley v. Sumpter R. Co.,* 49 Or. 509, 90 Pac. 1106, 12 L. R. A., N. S., 526; *Brooks v. Acton,* 117 Mass. 204.)

In order that evidence of condition at another point and time than one in issue be admissible, there must be proof of similarity of condition at both points and times. (*Lake Erie Ry. Co. v. Mugg,* 132 Ind. 168, 31 N. E. 564; *Mitchell v. Rowley,* 63 Misc. 643, 118 N. Y. Supp. 751; *Sears v. Bailey,* 58 Misc. 145, 110 N. Y. Supp. 467; *United States v. Ross,* 92 U. S. 281, 33 L. ed. 707; *Durkee v. India Ins. Co.,* 159 Mass. 514, 34 N. E. 1133.)

Where a party is entitled to the benefit of a contract and can save himself from loss arising from breach thereof at a trifling expense or with reasonable exertions, it is his duty to do so, and he can charge the party in default with such damages only as with reasonable endeavors and expense he could not prevent. (17 C. J., 771, sec. 99d, and cases cited; *Warren v. Stoddard,* 105 U. S. 224, 26 L. ed. 1117; *Henrici v. South Feather Land etc. Co.,* 177 Cal. 442, 170 Pac. 1135.)

Budge & Merrill and P. C. O'Malley, for Respondents.

"When an assignment of error is that the evidence is insufficient to sustain the verdict, the assignment will be stricken and not considered, if it does not specify the particulars of insufficiency." (*Hole v. Van Duzer,* 11 Ida. 79, 81 Pac. 109; *Warren v. Stoddart,* 6 Ida. 692, 59 Pac. 540; *Later v. Haywood,* 14 Ida. 45, 93 Pac. 374; *Spongberg v. First Nat. Bank,* 18 Ida. 524, Ann. Cas. 1912A, 95, 110 Pac. 716, 31 L. R. A., N. S., 736; *Bain v. Olsen, ante,* p. 170, 226 Pac. 668; *Rosser v. Broadwater Mills Co.,* 54 Utah, 522, 182 Pac. 204; *Merrill v. Fremont Abstract Co., ante,* p. 238, 227 Pac. 34.)

"Instructions asked are properly refused when they are not based upon some evidence material to the controversy, although correct as abstract principles of law." (*Johnson*

v. *Fraser*, 2 Ida. 371, 18 Pac. 48; *Gwin v. Gwin*, 5 Ida. 271, 48 Pac. 295.)

WM. E. LEE, J.—The Intermountain Farmers Equity, a corporation, herein referred to as the respondent, alleged and proved that it purchased a carload of oats from appellant, F. O. B. Inkom, at the agreed price of $1.35 per hundred; that, upon the surrender of bill of lading, it paid appellant approximately ninety per cent of the purchase price and agreed to pay him the balance if the oats came up to grade and weight.  Prior to the purchase, appellant took a sample of his oats to respondent; and it was alleged and proved that the sample was examined and tested and that appellant agreed that the car would equal the sample and would weigh 36 pounds, or better, to the bushel, of No. 3 grade, or better, of good color, free from weed seed, dry and good marketable oats.  It was alleged and proved that the carload of oats did not equal the No. 3 grade; that they were wet and sprouting and contained so large a percentage of weed seed and other foreign matter that they did not come up to any standard grade.  Appellant admitted that he took a sample of the oats to respondent and that it was tested by respondent.  He alleged that he agreed that the carload would be as good as the sample; that the portion of the purchase price retained was to guarantee respondent against loss because of weight or grade; and that the oats, when loaded at Inkom, were equal to the sample, and complied with his contract of sale.

The car of oats was not inspected or examined until it reached Ogden, Utah, when the car was examined by representatives of the Ogden Grain Exchange and of the railway company, who certified (one of whom also testified) that the car was "O. K." and was not leaking.  The oats were examined and tested by a licensed inspector connected with the Ogden Grain Exchange, who certified and testified that his test showed that the oats contained 20.4 per cent of moisture, and weighed 33 pounds to the bushel.  He also classed them as "sample" oats, which meant that they did

not equal any standard grade. The oats were examined at Salt Lake City, Utah, by one Merrill, a grain dealer of many years' experience, who testified that the oats were damp throughout, that some had sprouted; and that while the entire quantity of the shipment weighed approximately 62,800 pounds the foreign matter, including weed seed, weighed approximately 11,000 pounds. The witness Merrill also testified that because of his experience in handling oats, he could determine from an examination whether they had become wet or damp in transit or had been wet or damp when loaded and shipped; and that the oats in question were wet when loaded in the car. He explained that if grain is loaded in a car when it is dry and there are leaks in the car, all of the sacks would not be wet; they would not be wet throughout the sack; one half a sack might be wet and the other half dry, if water leaked in on one side; that because of the fact that the entire sack was moist and discolored, the oats were wet when they were loaded on the car.

Appellant contends that the trial court erred in admitting evidence of the condition of the oats at Salt Lake City, without showing that such condition was the same at Salt Lake City as at Inkom; and that having been received, such evidence should have been stricken on his motion. Under the issues, as they were framed, the condition of the oats at Inkom was material, and evidence of their condition elsewhere was not relevant except to the extent that it related to their condition at Inkom. Naturally the weed seed was contained in the oats when loaded at Inkom; and evidence of the extent of such foreign matter at Salt Lake City was admissible, as tending to show the condition and grade of the oats at Inkom. Appellant contends that for the "purpose of establishing a particular condition of things it is not permissible . . . . to show conditions at other places than the one in question." (10 R. C. L. 944, sec. 113.) This rule is applicable to a different situation than is here presented. Respondent was not trying to show conditions at Salt Lake City. It was trying to establish the condition of the oats at Inkom when they were shipped, and the

testimony of Merrill that he found 11,000 pounds of foreign matter in the oats at Salt Lake City was admissible, not because it showed their condition at Salt Lake City, but because it tended to establish the condition of the oats at Inkom. The fact that such foreign matter was found in oats when delivered constituted some evidence, subject to explanation, that there was foreign matter in the oats when they were shipped. And what has been said about the testimony as to the weed seed is true of the testimony regarding the damp and discolored and sprouted condition of the oats. That they were wet at Salt Lake City was not conclusive that they were wet at Inkom; but the fact that the sacks were found to be uniformly wet throughout the car when examined at Salt Lake City was admissible to show the condition of the oats, not at Salt Lake City, but at Inkom. This is especially true in view of the conflict in the evidence as to whether the roof of the car leaked and in view of the testimony of the witness Merrill that had the damp condition been caused by a leaky car, the oats would have been wet in spots and not uniformly wet. The weight of the evidence does not determine its admissibility. Oats is one of the staple commodities extensively bought and sold and shipped throughout the country, and there is no reason as a matter of law why one who has had years of experience in buying and selling and handling oats may not be qualified to give intelligent and valuable evidence as to whether a shipment, found wet at the point of destination, was wet when loaded or became wet on account of leaks in the roof of the car. We are of the opinion that the learned trial judge properly admitted the testimony of the witness Merrill and properly refused to strike it from the record after it had been given.

Appellant requested the court to instruct the jury to the effect that in view of the condition of the oats at Ogden, it was respondents' duty to sell the oats for the highest price obtainable; and that respondent should not recover, if it could have avoided damages by a sale of the oats at Ogden. Among the reasons that justify the court's refusal

to so instruct the jury, one is that there is no evidence in the record that respondent could have sold the oats in Ogden. There is, therefore, no basis for such an instruction, even if it should have been given under any circumstances.

Appellant's third assignment of error is as follows:

"That the evidence is insufficient to support the verdict of the jury, and that the verdict of the jury is not supported by the evidence, and is contrary to the evidence."

Respondent insists that since the particulars in which the evidence is claimed to be insufficient are not pointed out in the assignment, this court should not consider the question of the sufficiency of the evidence to sustain the verdict. It has been frequently held that such an assignment is not sufficient to cause this court to examine the transcript to determine the sufficiency of the evidence. (See *Hill v. Porter,* 38 Ida. 574, 223 Pac. 538, and the cases there cited; *Merrill et al. v. Fremont Abstract Co., ante,* p. 238, 227 Pac. 34.) This rule is easily complied with, and is in no respect unreasonable. Since the particulars in which it is claimed the evidence is not sufficient to sustain the verdict are not set forth, we will not pass on the assignment.

Judgment affirmed. Costs to respondent.

McCarthy, C. J., and Dunn and William A. Lee, JJ., concur.