## HERRINGTON v. HACKLER.

No. 27446. Dec. 14, 1937.

county against V. D. Herrington to enjoin the defendant from engaging in the practice of medicine and surgery in violation of a written agreement.

The petition as amended alleges, in substance, that both parties are duly licensed, practicing physicians engaged in the practice of their profession in the city of Pryor. That on or about the first day of September 1934, the plaintiff agreed to buy from the defendant a hospital, and equipment, for an agreed consideration of $5,000 cash. That as a part of the consideration for the purchase and sale of the hospital, and as part of the same transaction, the parties agreed to enter into a partnership for the general practice of medicine and surgery; that in the event the partnership should prove unsatisfactory or be dissolved, the defendant would repurchase the hospital from the plaintiff for the sum originally paid by the plaintiff, or that the defendant would refrain from the practice of his profession within 100 miles of Pryor for a period of five years. It is further alleged that the property was conveyed and the partnership was entered into and continued until May 13, 1935, when it was dissolved by mutual consent. Plaintiff further alleges that he has complied with all the provisions of the contract, and upon dissolution of the partnership offered to reconvey, and was at all times ready and willing to reconvey to the defendant, the hospital and its equipment. That the defendant has failed and refused to comply with the provisions of the agreement to repurchase the hospital, and in violation of the agreement, continues the practice of his profession within the city of Pryor and in Mayes county. Following an adverse ruling on his demurrer to the petition, defendant filed his answer, which consists of a general denial; admits the execution of the contract, but denies its validity; concedes the formation of the partnership, but alleges that it was created by oral agreement on July 1, 1934; admits the rescission of the agreement by mutual consent; admits the sale and purchase of the hospital, but denies that the transaction carried with it the sale of the good will of defendant's professional practice; pleads estoppel and an allegation of neglect of business on the part of the plaintiff during the existence of the partnership.

R. A. Wilkerson and Harve N. Langley, for plaintiff in error.

H. Tom Kight and H. Tom Kight, Jr., for defendant in error.

PHELPS, J. H. W. Hackler instituted this action in the district court of Mayes

Plaintiff in his reply denies the allegations of defendant's amended answer not therein admitted and recites the negotiations between the parties leading up to the execution of the contract, which is as follows:

398

"We hereby agree to the following terms of partnership agreement. Equal partnership in general and office practice and obstetrics. No partnership in surgery. Accidents and industrial cases including all fractures and dislocations are to be considered nonsurgical, unless a general anesthetic is required which makes it a surgical case, and in 'all such cases an anesthetic fee of $5 for minor and $10 for major cases is to be allowed Dr. Hackler for the anesthetic. It is further agreed that Dr. Hackler is to receive $10 anesthetic fee for all major surgical cases and this is to be paid from first payment on surgical fee if not paid preceding this payment.

"It is further agreed that if this proves unsatisfactory or the partnership be broken that Dr. Herrington does not build a hospital or engage in the practice of medicine and surgery within 100 miles of Pryor, Oklahoma, Mayes county, for five years, extending from the date that partnership be dissolved; or else repurchase hospital at the original purchase price ($5,000) and should this be done Dr. Hackler is to conform to above agreements as to leaving.

"(Signed) V. D. Herrington
"H. W. Hackler."

The trial court denied defendant's request for a trial by jury, and 'at the conclusion of the evidence rendered judgment enjoining the defendant from engaging in the practice of medicine or surgery within Mayes county during a period of five years commencing May 13, 1935. From the judgment and an order denying his motion for a new trial, defendant appeals assigning 15 grounds of 'alleged error. Concisely stated and grouped, they are:

"1. The case was one for a jury and not the court;

"2. Plaintiff is estopped in asserting he owned the good will of defendant's professional right to practice medicine and surgery by the partnership association and accepting of benefits flowing from it; and

"3. There is no consideration for the sale by defendant of his professional right to practice medicine and surgery;

"4. The 'refrain' and 'repurchase' clause constitute a penalty 'and not liquidated damages for breach;

"5. The contract is lacking in mutuality;

"6. The contract is in restraint of trade and unlawful."

The contract sued on is not a gem of perfection. It was prepared by the parties themselves and is obviously a layman's agreement. It cannot be seriously said, however, that it does not express the intention of the parties with sufficient clarity to free it from uncertainty and ambiguity. In Tidal Oil Co. v. Roelfs, 77 Okla. 183, 187 P. 486, this court, in the syllabus, said:

"It is due the parties to a contract in writing to assume that they know and understand the logical and grammatical use of the words, phrases, and clauses chosen by them to convey the thought and purpose of their contract."

In Threlkeld v. Steward, 24 Okla. 403, 103 P. 630, appears the following:

"An agreement by a physician for 'a valuable consideration not to practice medicine and surgery at a designated place within 'a reasonable distance is valid, and a breach of such agreement will be restrained by injunction, either to prevent a multiplicity of suits, or where the party is insolvent."

By express provision of sections 9493 and 9494, O. S. 1931, one selling the good will of a business may agree with the buyer not to engage in a similar business in a specified county, city, or part thereof, within a reasonable period of time.

The defendant contends that the foregoing statutes are inapplicable for the reason that the contract in the present case contains no provision for the sale of the good will of defendant's business and that such sale was not contemplated by the parties. We cannot agree with this contention. The rule is stated in 12 R. C. L., p. 985, as follows:

"Where a contract for the sale and transfer of a business omits to mention the good will, the presumption is that it was the intention of the parties that the good will should pass with the other assets. This necessarily results from the fact that the good will cannot exist except in connection with the business."

Adhering to this rule, this court, in the syllabus in Wall v. Chapman, 84 Okla. 114, 202 P. 303, held:

"Section 946, Revised Laws 1910, provides: A contract must be interpreted as to give effect to the mutual intention of the parties, as it existed at the time of contracting, so far as the same is ascertainable and lawful.'

"The obvious intent of a contract for the sale of all tools, furniture, and equipment of the office of a dentist to another dentist, coupled with an agreement by the seller not to enter into a like business in the same town for a period of five years, is to sell the good will of the business."

See Key et al. v. Perkins. 173 Okla. 99, 46 P. (2d) 530, and cases cited therein.

The defendant contends further that the contract is void because it prohibits him from engaging in the practice of his profession to within 100 miles of Pryor; thus contravening the provisions of the statute. The fact that the parties took in too much

territory does not render the agreement wholly void, but is only void to the extent that it prevents the seller from engaging in a like business beyond the confines of the county. Hartman v. Everett, 158 Okla. 29, 12 P. (2d) 543; McAvoy v. Nelson Grain Co., 170 Okla. 180, 39 P. (2d) 47; Wesley v. Chandler, 152 Okla. 22, 3 P. (2d) 720.

The defendant asserts that plaintiff is estopped from contending that he purchased the good will of the defendant's profession by reason of the fact that he accepted benefits from defendant's professional activities subsequent to the date of the agreement to purchase. We think this position is untenable. It is undisputed that at about the time of the conveyance of the hospital in September, 1934, there was some conversation between the parties about the removal of the defendant from Pryor to Salina, Kan., for the purpose of engaging in the practice of his profession. The agreement of the parties was not actually reduced to writing until January 7, 1935. In the meantime it seems to have been mutually agreeable to the parties to continue the practice of their profession under terms satisfactory to themselves. On May 13, 1935, the date of the dissolution of the partnership, the parties entered into a written stipulation under which it was agreed that the defendant might use the hospital for treatment of his patients, with a further provision that the agreement was not to be construed as a waiver on the part of either party to enforce his rights claimed under the contract of January 7, 1935. We do not think this amounted to an equitable estoppel It amounted to nothing more than professional courtesy, which is commendable. Certainly the defendant was not misled or injured by this arrangement. In Rosen v. Martin, 102 Okla. 65, 226 P. 577, we said:

"In order that the doctrine of equitable estoppel may be successfully invoked, it is necessary that the party asserting the plea shall have been misled to his prejudice."

We conclude that plaintiff is not estopped; that the contract sued on is sufficiently plain to express the intention of the parties and is valid and enforceable.

The remaining questions presented are merely incidental to the principal question involved and need not herein be discussed. Finding no error in the proceeding, the judgment of the trial court is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, CORN, GIBSON, HURST, and DAVISON, JJ., concur.